# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARCIA ALLEN,**<br>**8306 Tyndswall Place**<br>**Pasadena, Maryland 21122,** | ) )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| **v.** | )<br>) |
| **LEONIDAS RALPH MECHAM, CHAIRMAN,**<br>**ADMINISTRATIVE OFFICE OF THE U.S. COURTS,** | )<br>)<br>) |
| **Defendants,** | )<br>)<br>) |
| **Serve:** | )<br>) |
| **UNITED STATES ATTORNEY'S OFFICE**<br>**FOR THE DISTRICT OF COLUMBIA**<br>**Attn:  Civil Process Clerk**<br>**United States Attorney's Office**<br>**555 4th Street, NW**<br>**Washington, D.C. 20530**<br>*-Via Certified Mail* | )<br>) **Case No. _____**<br>)<br>)<br>)<br>)<br>)<br>) |
| **UNITED STATES ATTORNEY GENERAL**<br>**10th & Pennsylvania Avenue, NW**<br>**Washington, D.C. 20530**<br>*-Via Certified Mail* | )<br>)<br>)<br>)<br>) |
| **LEONIDAS RALPH MECHAM, CHAIRMAN,**<br>**ADMINISTRATIVE OFFICE OF U.S. COURTS**<br>**Washington, D.C. 20544-0001**<br>*-Via Certified Mail* | )<br>)<br>)<br>)<br>) |

## CIVIL COMPLAINT FOR EQUITABLE AND INJUNCTIVE RELIEF AND DEMAND FOR JURY

1.     This action arises out of the Defendant Administrative Office of U.S. Courts' utilization of the Fair Employment Practices System, established by the Director of the Administrative Office of the United States Courts in order to comply with the Administrative Office of the United States Courts Personnel Act of 1990, HR 4174 (which on October 30, 1990, became Public Law No: 101-474), which mandates that the Administrative Office of the United States Courts shall establish a personnel system prohibiting discrimination "on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition" and that "the Director must promulgate regulations providing procedures for resolving complaints of discrimination by employees and applicants for employment."

2.     On June 13, 2003, Plaintiff Garcia Allen ("Mr. Allen" or "Plaintiff") filed a formal Equal Employment Opportunity complaint of discrimination against the Administrative Office of the United States Courts, and the Administrative Office of the United States Courts required Mr. Allen to prosecute his Equal Employment Opportunity complaint against the Administrative Office of the United States Courts by means of the procedures set forth in the Fair Employment Practices System.

3.     Mr. Allen alleges that the Administrative Office of the United States Courts' unilateral and unrestricted selection of a hearing officer, as mandated under the AOUSC's Human Resources Manual, Chapter I, Subchapter C: Fair Employment Practices System § F.8., was an intentional violation of his procedural due process rights provided under the Fifth Amendment to the U.S. Constitution because it required him to resolve his June 13, 2003,

2

Equal Employment Opportunity complaint of discrimination before a hearing officer selected and employed exclusively by the Administrative Office of the United States Courts.

4.      Mr. Allen accordingly requests that this Court afford him injunctive and equitable relief by declaring that the Administrative Office of the United States Courts intentionally violated Mr. Allen's due process rights, as guaranteed by the Fifth Amendment to the U.S. Constitution, when it required Mr. Allen to prosecute his June 13, 2003, Equal Employment Opportunity complaint of discrimination against the Administrative Office of the United States Courts before a hearing officer who was selected and employed exclusively by the Administrative Office of the United States Courts.

5.      Further, Mr. Allen requests that this Court set aside all findings made by the Administrative Office of the United States Courts' hearing officer and order that the Administrative Office of the United States Courts provide Mr. Allen with a new Equal Employment Opportunity hearing officer, jointly selected by Mr. Allen and the Administrative Office of the United States Courts, to hear and resolve *de novo* Mr. Allen's June 13, 2003, Equal Employment Opportunity complaint of discrimination.

6.      Finally, Mr. Allen requests that this Court require the Administrative Office of the United States Courts to modify and revise it's Human Resources Manual, Chapter I, Subchapter C: Fair Employment Practices System § F.8. to provide to all employees of the Administrative Office of the United States Courts the right to jointly select an independent hearing officer for any discrimination claims against the Administrative Office of the United States Courts on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or disability.

3

Mr. Allen had failed to establish by a preponderance of the evidence that the AOUSC unlawfully discriminated against Mr. Allen.

32.    Mr. Allen has been substantially damaged by Mr. Fine's biased decision making, as he has been denied his Fifth Amendment right to due process in the form of fair and unbiased consideration of his EEO complaints of discrimination leveled against the AOUSC.

33.    Mr. Allen has no recourse to address Mr. Fine's biased decision making because under FEPS, employees such as Mr. Allen do not have any right to appeal or contest the hearing officer's Recommended Decision or the AOUSC's decision to accept it in its entirety.

34.    The AOUSC has deprived Mr. Allen of life, liberty and/or property without due process of law.

**Count I**
**U.S. Const. amend. V**
**Due Process of Law**

35.    Plaintiff incorporates the allegations in paragraphs 1 through 34 as though alleged herein.

36.    Under the Fifth Amendment of the United States Constitution, no person shall be deprived of life, liberty, or property, without due process of law.

37.    Chapter I, Subchapter C: Fair Employment Practices System § F.8. of the Defendant's Human Resources Manual requires the Plaintiff to resolve his Equal Employment Opportunity complaint before a hearing officer selected and employed without restriction by the Defendant.

38.    Chapter I, Subchapter C: Fair Employment Practices System § F.8.'s requirement that Plaintiff's discrimination claims be resolved by a hearing officer selected and employed without restriction by the Defendant is so fundamentally unfair that it renders the

8

**Parties**

7.      Mr. Allen is a United States citizen and a resident of the Town of Pasadena, Anne Arundel County, in the State of Maryland.

8.      Mr. Leonidas Ralph Mecham is the Chairman of the Administrative Office of the United States Courts and is responsible for the lawful administration of the Administrative Office of the United States Courts. As such, Mr. Mecham is the proper defendant in this action pursuant to 29 U.S.C. § 794a.

**Jurisdiction**

9.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), as it asserts against the United States a claim that arises under the Constitution of the United States, specifically U.S. Const. amend. V.

**Venue**

10.      Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e) because a substantial part of the acts and omissions that give rise to this Complaint occurred in the Administrative Office of the United States Courts' offices located at the Thurgood Marshall Federal Judiciary Building in Washington, D.C., and venue is proper under 28 U.S.C. § 1391(e) because the Defendant is an employee of the United States and is being sued in his official capacity.

4

## Factual Allegations

11.    On October 30, 1990, Congress passed the Administrative Office of the United States Courts Personnel Act of 1990, which became Public Law No. 101-474.

12.    Section 3.a.9. of the Administrative Office of the United States Courts Personnel Act of 1990 mandates that the Administrative Office of the United States Courts shall establish a personnel system prohibiting discrimination, "on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition" and that "the Director must promulgate regulations providing procedures for resolving complaints of discrimination by employees and applicants for employment."

13.    In compliance with § 3.a.9., the Director of the Administrative Office of the United States Courts ("AOUSC") created and implemented the Fair Employment Practices System ("FEPS").

14.    FEPS is set forth in the AOUSC's Human Resources Manual, Chapter I, Subchapter C: Fair Employment Practices System; it details and sets forth the AOUSC's fair employment practices policies regarding the resolution of Equal Employment Opportunity ("EEO") complaints.

15.    FEPS sets forth the exclusive legal rights and remedies for all full-time, part-time, and temporary AOUSC employees hired after 1990 who make discrimination claims, as the United States Courts Personnel Act of 1990 mandates that employees hired after the date of its enactment have no right to file any appeal with the Equal Employment Opportunity Commission under part 1613 of Title 29 of the Code of Federal Regulations.

16.    Moreover, AOUSC employees hired after the enactment date of the United States Courts Personnel Act of 1990 have no right to waive out of FEPS.

17.    Mr. Allen is an African-American male who was hired by the AOUSC on June 15, 1991; as such, Mr. Allen was hired after the enactment date of the United States Courts Personnel Act of 1990 and therefore he has never had the right to waive out of FEPS.

18.    Accordingly, FEPS sets forth all of his legal rights and remedies for any discrimination Mr. Allen might endure at the AOUSC on the basis of his race, color, religion, age, sex, national origin, political affiliation, marital status, or disability.

19.    On June 13, 2003, Mr. Allen filed a Formal Complaint of Discrimination with the AOUSC's EEO Office averring that the AOUSC had discriminated against him as an African-American male when its agents prevented him from having a fair and meaningful opportunity to compete for the position of Chief of the Project Coordination Office.

20.    Mr. Allen also averred in his June 13, 2003, Formal Complaint of Discrimination that leading up to competition for the Chief of the Project Coordination Office position the AOUSC engaged in an ongoing process of discriminating against him and retaliating against him for engaging in the AOUSC's informal grievance process based on his claims that the AOUSC had failed to promote him because of his race and sex.

21.    Chapter I, Subchapter C: Fair Employment Practices System § F.8. of the AOUSC's Human Resources Manual required Mr. Allen to resolve his EEO complaint before a hearing officer selected and employed exclusively by the Administrative Office of the United States Courts.

22.    The AOUSC, acting unilaterally and without disclosing to Mr. Allen the basis or criteria for its selection, selected Richard H. Fine, Esq. to serve as the hearing officer to hear and resolve Mr. Allen's EEO complaints.

6

23.    Richard H. Fine, Esq., was hired, selected, and paid by the Agency to hear and resolve Mr. Allen's EEO complaints.

24.    Mr. Fine is a retired administrative law judge who accepts occasional employment from the AOUSC as an augmentation to his income.

25.    Upon information and belief, Mr. Fine has served as a hearing officer on several other matters for the AOUSC and views the AOUSC as a repeat client for his legal services.

26.    During the pendency of Mr. Allen's claims, Mr. Fine made multiple adverse discovery decisions and denied three separate motions filed by Mr. Allen asking for leave to amend his complaint of discrimination against the AOUSC so that he could add additional claims of discrimination and retaliation.

27.    On Tuesday, January 18, 2005, Mr. Fine held a hearing for Mr. Allen's claims in an AOUSC conference room.

28.    On February 15, 2005, in accordance with FEPS policy and procedures Mr. Fine issued a Recommended Decision regarding Mr. Allen's EEO complaint, and in this Recommended Decision Mr. Fine announced his finding that Mr. Allen had failed to establish by a preponderance of the evidence that the AOUSC unlawfully discriminated against him.

29.    Moreover, in his February 15, 2005, Recommended Decision, Mr. Fine made all factual and legal determinations in favor of the AOUSC.

30.    Moreover, in his February 15, 2005, Recommended Decision, Mr. Fine ignored and refused to apply United States Supreme Court and other legal precedent when he ruled in favor of the AOUSC.

31.    On March 11, 2005, in its final order concerning Mr. Allen's discrimination complaint, the AOUSC adopted Mr. Fine's Recommended Decision in its entirety, finding that

7

AOUSC's entire complaint resolution procedure invalid. *See McMullen v. Meijer, Inc.*, 355 F.3d 485, 494 (6th Cir. 2004) ("…Meijer's TAP grants one party to the arbitration unilateral control over the pool of potential arbitrators.  This procedure prevents Meijer's TAP from being an effective substitute for a judicial forum because it inherently lacks neutrality…" and is thus unconscionable.)

39.     Chapter I, Subchapter C: Fair Employment Practices System § F.8.'s requirement that Plaintiff's EEO discrimination claims be resolved by a hearing officer who was selected and employed without restriction by the Defendant has deprived the Plaintiff of a reasonable opportunity for a fair hearing before an impartial decisionmaker. *See Hudson v. Chicago Teachers Union Local No. 1.*, 743 F.2d. 1187, 1192-1193 (C.A. Ill, 1984.)

40.     Chapter I, Subchapter C: Fair Employment Practices System § F.8.'s requirement that Plaintiff's EEO discrimination claims be resolved by a hearing officer who was selected and employed without restriction by the Defendant is inadequate as it fails to offer a reasonably prompt decision by an impartial decisionmaker; "an expeditious arbitration might satisfy the requirement of a reasonably prompt decision by an impartial decisionmaker, so long as the arbitrator's selection did not represent the Union's unrestricted choice." *Chicago Teachers Union v. Hudson*, 475 U.S. 292, 308 n. 21, 309 (1986).

41.     Chapter I, Subchapter C: Fair Employment Practices System § F.8.'s requirement that Plaintiff's EEO discrimination claims be resolved by a hearing officer who was selected and employed without restriction by the Defendant violates Plaintiff's Fifth Amendment due process rights, as a government entity's unrestricted choice of an arbitrator in an employment matter is violative of due process requirements. *See, Robinson v. State of New Jersey*, 806 F.2d 442, 450 (3rd Cir. 1986).

9

42.    In violation of Plaintiff's right to due process under the Fifth Amendment of the United States Constitution, Defendant has deprived Plaintiff of his life, liberty and/or property.

43.    Plaintiff has sustained substantial and permanent injury as a result of the Defendant's violation of his right to due process under the Fifth Amendment of the United States Constitution, and he will continue to be damaged unless and until this Court addresses Defendant's violation of Plaintiff's Constitutional rights.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Garcia Allen prays this Honorable Court makes a determination that Defendant Administrative Office of United States Courts' unilateral and unrestricted selection of a hearing officer, as mandated under the AOUSC's Human Resources Manual Chapter I, Subchapter C: Fair Employment Practices System § F.8., was an intentional violation of Plaintiff Garcia Allen's procedural due process rights provided under the Fifth Amendment to the U.S. Constitution.

Moreover, Plaintiff Garcia Allen requests that the Court afford him injunctive and equitable relief against Defendant Administrative Office of United States Courts by setting aside all findings made by Defendant Administrative Office of the United States Courts' unilaterally selected hearing officer.

Further, Plaintiff Garcia Allen asks that the Court order the Defendant Administrative Office of United States Courts to withdraw and rescind its March 11, 2005, final order resolving Plaintiff Garcia Allen's June 13, 2003, Equal Employment Opportunity complaint of discrimination and instead order the Defendant Administrative Office of the United States Courts to provide Plaintiff Garcia Allen with a new Equal Employment Opportunity hearing officer, jointly selected by Plaintiff Garcia Allen and Defendant Administrative Office of the

10

United States Courts, to hear and resolve *de novo* Plaintiff Garcia Allen's June 13, 2003, Equal Employment Opportunity complaint of discrimination.

Further, Plaintiff Garcia Allen requests that this Court require the Defendant Administrative Office of the United States Courts to modify and revise Human Resources Manual Chapter I, Subchapter C: Fair Employment Practices System § F.8., to provide for all employees of the Defendant Administrative Office of the United States Courts the right to jointly select an independent hearing officer for discrimination claims on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or disability.

Further, Plaintiff Garcia Allen requests that this Court require the Defendant Administrative Office of the United States Courts to reimburse him for the fees, expenses and costs he sustained as the result of having to participate in the Defendant Administrative Office of the United States Courts' constitutionally defective hearing process.

Finally, Plaintiff Garcia Allen requests any other relief that this Honorable Court deems just and proper to award.

Respectfully Submitted,
Garcia Allen,
*By Counsel,*

R. Scott Oswald, D.C. Bar No. 458859
Nicholas Woodfield, D.C. Bar No. 471801
The Employment Law Group, P.L.L.C.
888 17th Street, N.W., Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
nwoodfield@employmentlawgroup.net
*Counsel for Plaintiff*

11

## Jury Demand

Plaintiff Allen demands a jury for all issues proper to be so tried.

_____

R. Scott Oswald
Nicholas Woodfield