## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARCIA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-1007 (GK) |
| | ) | ECF |
| LEONIDAS RALPH MECHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS IN LIEU OF AN ANSWER

Defendant Leonidas Ralph Mecham, Chairman of the Administrative Office of the Courts, in his official capacity, by and through undersigned counsel, respectfully moves to dismiss the claims in this case for lack of subject matter jurisdiction and for failure to state a claim upon which plaintiff can be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6)

The Court lacks subject matter jurisdiction over this case because no judicial review of the AOUSC's EEO processes are available and Plaintiff does not challenge same. The Plaintiff fails to state a claim upon which relief can be granted as his single-count, Fifth Amendment claim is wholly without merit or foundation. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

1

A memorandum of points and authorities and a proposed order are attached for the Court's consideration.

Respectfully submitted,

/s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GARCIA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-1007 (GK) |
| | ) | ECF |
| LEONIDAS RALPH MECHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS IN LIEU OF AN ANSWER**

Plaintiff Garcia Allen brings a single-count Complaint, alleging his employer has violated his Fifth Amendment due process rights. He requests the Court to overturn an adverse decision rendered in an employment discrimination hearing conducted by his employer, the Administrative Office of the United States Courts ("AOUSC") in an alleged failure to promote case. Although the hearing was conducted in full compliance with the AOUSC's published internal procedures and the authorizing congressional statute, Plaintiff nevertheless contends that his procedural due process rights were violated because he was not involved in choosing the hearing officer. Plaintiff, however, fails to acknowledge that there is no judicial review of his internal complaint and the process that ensued. Furthermore, he simply has no liberty or property interest in a promotion he had sought. Finally, he does not cite any persuasive authority or to state plainly the grounds for his claims at all.

3

Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(1) and (b)(6) of the Fed. R. Civ. P. First, the Court lacks subject matter jurisdiction because under the applicable AOUSC'S EEO dispute resolution system no judicial review follows the internal processes. Second, Plaintiff fails to state a claim upon which relief can be granted because his Fifth Amendment claim is wholly without foundation or merit.

## BACKGROUND

Plaintiff is currently an employee of the AOUSC. See Compl. at 2. On June 13, 2003, he filed an internal Equal Employment Opportunity ("EEO") complaint, alleging discrimination based on his race and gender. Id. AOUSC maintains an internal policy to address employment discrimination complaints through its own administrative processes, known as the Fair Employment Practices System ("FEPS"). Id.; see also AOUSC Human Resources Manual, Ch. 1. AOUSC's utilization of FEPS as the exclusive resolution program for its employees' discrimination complaints is explicitly provided for by Congressional statute. See 28 U.S.C.A. §601 et seq. (2005), PL 101-474, 104 Stat 1097 §2(a)(4) (Oct. 30, 1990) (granting the Director of the AOUSC the authority to "appoint, fix the compensation of, assign, and direct such personnel as the Director determines necessary to discharge the duties and functions of the Administrative Office…[and] to "establish procedures for…resolution of employee grievances.") PL 101-474, 104 Stat 1097 §2(a)(4) (Oct. 30, 1990)(the "Act"). In the Act, Congress is explicit that

> Nothing in this Act shall be construed to abolish or diminish any right or remedy granted to employees of the Administrative Office by any law prohibiting discrimination in Federal employment on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition, except that, with respect to any such employees and applicants for employment, any authority granted under any such law to the Equal Employment Opportunity Commission, the Office of Personnel Management, the Merit Systems Protection

4

Board, or any other agency in the executive branch, <u>shall be exercised by the Administrative Office</u>.

PL 101-474, 104 Stat 1097 §2(g) (Oct. 30, 1990) (emphasis added).

Per the FEPS guidelines, the AOUSC initiated the hearing process, and engaged Richard H. Fine to serve as hearing officer. Compl. at 6. The hearing was held on January 18, 2005. <u>Id.</u> at 7. Mr. Fine held that Plaintiff had failed to establish by a preponderance of the evidence that the AOUSC unlawfully discriminated against him. <u>Id.</u>

Plaintiff does not challenge the AOUSC's authority to promulgate or enforce its own guidelines, but instead challenges a provision within the FEPS system, namely, the procedure for selecting the hearing officer who presided over the hearing portion of the process. Compl. at 10. Although Mr. Allen does not provide any pertinent, supportive case law or an explanation of how his rights are violated, he claims that the "[AOUSC's] unilateral and unrestricted selection of a hearing officer, as mandated under the AOUSC's Human Resources Manual … was an intentional violation of [his] procedural due process rights provided under the Fifth Amendment to the U.S. Constitution." <u>Id.</u> The provision being contested states that

> A complainant, other than the Pre-Act complainant who has elected to follow the EEOC procedures discussed above, who files a timely formal complaint shall be entitled to review by an impartial hearing officer who is not an employee of the AO. The AO EEO Officer (or designee) will select the hearing officer.

AOUSC Human Resources Manual, Ch. 1, subchapter C: Fair Employment Practices System (FEPS), §F.8. The provision is an entitlement to employees who elect to utilize the FEPS system. It also contains procedural safeguards by requiring that the hearing officer be impartial, not be on the AOUSC payroll, and that the hearing officer be chosen by the EEO officer, who is an advocate for the employee.

5

Despite the fairness safeguards and the agency's congressionally-granted authority to promulgate its own rules, Plaintiff claims the process is unfair. Plaintiff seeks five points of relief: 1) a 'determination' that the AOUSC intentionally violated his constitutional rights, 2) injunctive and equitable relief in setting aside the factual findings of the hearing officer, 3) an order to the AOUSC to rescind the final order of March 11, 2005, 4) an order of specific performance, forcing the AOUSC to amend the FEPS manual, and 5) reimbursement for his expenses related only to the hearing process. Compl. at 10-11.

For the reasons below, there is no judicial review of the AOUSC's EEO processes and Plaintiff fails to state a claim upon which relief can be granted. Therefore, his Complaint must be dismissed with prejudice.

## ARGUMENT

### I.    Standard of Review for Dismissal

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975). Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C.1998).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that the plaintiff can demonstrate no set of facts that support her claim entitling her to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff the benefit of all inferences that can be derived from the facts alleged, Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, the Court need not accept inferences drawn by the plaintiff if those inferences are not unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions.  National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II.    **Plaintiff is not Entitled to Judicial Review Pursuant to FEPS Provisions**

FEPS does not provide for judicial review of final agency decisions.  All EEO complaints of AOUSC are thoroughly investigated and a hearing may be held, at the request of either party. The hearing officer then "issues findings of fact and conclusions of law with a recommended decision ordering appropriate relief ... ." FEPS § 8.F.16(a).  Thereafter, the FEPS rules provide:

> 17. Final Decision of the Director
> a. The Director shall review and may adopt or modify the recommended decision of the hearing officer.
> b. The Director shall issue the final agency decision within 20 calendar days after receipt of the recommended decision
> c. The final decision of the Director is final and may not be appealed or reviewed.

Congress recognized the legitimacy of FEPS when it codified the system under 28 U.S.C.A.§601

et seq. (2005), PL 101-474.  Here, Plaintiff acknowledges that a hearing was held and the

hearing officer rendered a recommended finding on February 15, 2005.  Compl. at 7.  The

Director issued a final decision, adopting the hearing officer's findings.  Id.  Therefore, pursuant

to the FEPS § F.17(c) there is no right of appeal and this Court may not disturb the agency's

final decision.

III.    **Under the Doctrine of Substantive-Procedural Non-Severability, Plaintiff Cannot Attack the Procedure he Simultaneously Seeks to Utilize for his Own Benefit**

Plaintiff is seeking to attack the very procedure he has elected to utilize for his personal

benefit.  Under the doctrine of substantive-procedural non-severability, his Complaint should

fail.

Generally, the Supreme Court "view[s] skeptically the action of a litigant in challenging

the constitutionality of portions of a statute under which it has simultaneously claimed benefits."

Arnett v. Kennedy, 416 U.S.134, at 152-153 (1974).  When Congress chooses to "expressly

omit[] the procedural guarantees which [plaintiff] insists are mandated by the Constitution," the

Court gives great weight to that fact.  Id. The Court held that,

> Where the focus of legislation was thus strongly on the procedural mechanism for
> enforcing the substantive right which was simultaneously conferred, we decline to
> conclude that the substantive right may be viewed wholly apart from the procedure
> provided for its enforcement.  The employee's statutorily defined right is not a guarantee
> against removal without cause in the abstract, but such a guarantee as enforced by the
> procedures which Congress has designated for the determination of cause.

Id.

Here, Plaintiff is protected against discrimination in promotion by the very Act that he

asks the Court to invalidate.  The Act specifically grants the Director of the AOUSC exclusive

authority to promulgate procedures to handle discrimination claims, and further protects those procedures by making them preeminent to existing EEO and Title VII procedures.  PL 101-474, 104 Stat 1097 §2(g) (Oct. 30, 1990).

As the Court observed in a case presenting a similarly illogical argument, " it is an elementry rule of constitutional law that one may not retain the benefits of the Act while attacking the constitutinality of one of its important conditions ... The Court will not pass upon the constitutionality of a statute at the instance of one who has availed himself of its benefits." Fahey v.  Mallonee, 332 U.S. 245, 255 (1947).  Therefore, "where the grant of a substantive right is inextricably intertwined with the limitations on the procedures which are to be employed in determining that right, a litigant in the position of appellee must take the bitter with the sweet." Arnett, 416 U.S. at 153-54.  The Court reasoned that

> [t]o conclude otherwise would require us to hold that although Congress chose to enact what was essentially a legislative compromise, and with unmistakable clarity granted governmental employees security against being dismissed without 'cause,' but refused to accord them a full adversary hearing for the determination of 'cause,' it was constitutionally disabled from making such a choice.

Arnett, 416 U.S. at 154.

Under the Arnett standard, Plaintiff in this case cannot simultaneously challenge the constitutionality of the Act while he avails himself of its benefit such as equal employment opportunities.  Since Plaintiff has brought just such a claim, it must be dismissed.

## IV.    Plaintiff has Failed to State a Claim Upon Which Relief Can Be Granted

The Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed under Rule 12(b)(6).

**A. The Fifth Amendment Does Not Guarantee Plaintiff Input into the Selection of His Hearing Officer**

Plaintiff's sole alleged basis for remedy is the Due Process Clause of the Fifth Amendment. The Fifth Amendment ensures that no one shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Thus, here, in order to have a valid Due Process claim, Plaintiff must be able to establish both a deprivation of liberty or property,[1] and that the deprivation was accomplished without due process. Plaintiff has satisfied neither prong.

**i.    Plaintiff Has no Property Interest Upon Which to Base a Due Process Claim**

The Supreme Court in <u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. 564 (1972), stated that "[p]roperty interests ... are not created by the Constitution ... [r]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law, rules or understandings that secure certain benefits and that support claims of entitlements to those benefits." <u>Id.</u> at 577. This holds true in the context of employment, and to have a property interest in employment or related benefits, an individual must have a "legitimate claim of entitlement to it," not only an "abstract need" or "unilateral expectation" of it. <u>Id.</u> Property interests in employment can "only be created by understandings, statutes, or rules that secure certain benefits and that support claims of entitlement to those benefits." <u>Garrow v. Gramm</u>, 856 F.2d 203, 207 (D.C. Cir. 1988) (citing <u>Roth</u>). For an understanding to be the basis of a property interest, it must be a "mutually explicit

---

[1] Plaintiff seems to leave open the possibility that his due process claim is based on a life or liberty interest. <u>See</u> Compl. at 10 ("Defendant has deprived Plaintiff of his life, liberty and/or property"). Plaintiff's liberty claim is addressed infra in § IV (A)(ii). Because Plaintiff is still alive, it is unnecessary to address Plaintiff's claim regarding life deprivation.

understanding" which would support the claim of entitlement. <u>Perry v. Sindermann</u>, 408 U.S. 593 (1972).

Therefore, if a statute or regulation governing the relevant employment creates a "legitimate claim of entitlement," then the employee can be said to have a property interest in that employment. For example, in <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532 (1985), the Supreme Court found that an Ohio statute which provided that civil service employees were "entitled to retain their positions during good behavior and efficient service, who could not be dismissed except for misfeasance, malfeasance, or nonfeasance in office" created property rights in continued employment for the civil service employees. <u>Id</u>. at 538-39 (internal citations omitted).

Other courts have acknowledged that if the law or regulation governing employment limits the acceptable reasons for discharge to reasons of "cause" then this source of law has created a property right in continued employment. The <u>Garrow</u> court found that a statute might create a property interest in continued employment even if it did not impose an explicit "for cause" termination requirement. <u>Id</u>. It stated that such a statute might "set forth so comprehensive a list of prohibited reasons for termination that an employee would reasonably have as great an expectation of continued employment as one who knows he cannot be fired except for cause." <u>See</u> <u>Garrow</u>, 856 F.2d at 206-07 (finding that a nonveteran excepted service employee could be dismissed for insubordination and that he did not have a legitimate claim to entitlement to his position under the Civil Service Reform Act of 1978, which did not have a provision limiting discharge for reasons of cause or misfeasance).

The same principles apply when determining whether a federal employee has a property interest in a promotion or better job. For instance, in <u>Griffith v. Fed. Labor Relations Auth.</u>, 842

11

F.2d 487 (D.C. Cir. 1988), the court decided that an employee of the federal government did not have a property interest in a within-grade pay increase for the purpose of a Fifth Amendment claim. There, the court stated that the employee needed to demonstrate that the "substantive provisions governing the grant of such [pay] increases g[a]ve her a 'legitimate claim of entitlement.'" Id. at 495. If the statute had specified "particular standards or criteria [to] guide the decision makers," then it would have led to a property interest. Id. (quoting Olim v. Wakinekona, 461 U.S. 239, 249 (1983)).

Furthermore, the Griffith court remarked that "courts have hardly ever found an entitlement to a promotion," nor have they found entitlement to merit pay increases. Id. at 501 (citing Viet v. Heckler, 746 F.2d 508, 511 (9th Cir. 1984)). It cited several cases where no entitlement was found. See Bigby v. City of Chicago, 766 F.2d 1053, 1056-57 (7th Cir. 1985) (no entitlement to promotion despite statute requiring promotions to be made "on basis of ascertained merit and seniority in service and examination"), cert denied, 474 U.S. 1056 (1986); Pinar v. Dole, 747 F.2d 899, 915 (4th Cir. 1984) (letter informing an employee that "[the] promotion might be made permanent if [you meet] the requirements stated in the job description" does not give employee entitlement to continue at higher level"), cert. denied, 471 U.S. 1016 (1985). The court declined to give weight to one case finding entitlement to promotion, Needleman v. Bohlen, 457 F.Supp. 942 (D. Mass. 1978), aff'd, 602 F.2d 1 (1st Cir. 1979), where an agreement stated that a pay increase "could not be denied" unless performance was evaluated as "unsatisfactory," in part because this language indicated a foreclosure of discretion. Griffith, 842 F.2d at 501.

Plaintiff cannot sustain a due process claim because he has not alleged, nor could he prove, a reasonable expectation of entitlement. Indeed, Mr. Allen does not even indicate what

property interest the AOUSC allegedly violated. The answer cannot be the job he holds because Mr. Allen is still an employee of the AOUSC. Compl. at 2. The Court may perhaps infer that the property interest to which Mr. Allen does not refer is the promotion itself or the pay-raise (if any) accompanying the promotion. But as the Griffith Court indicated, the right to a promotion is hardly ever found to be a valid property interest. Id. In cases where it is, there must be a set of specific provisions providing a near-guarantee of promotion under certain circumstances, and those circumstances must be present. Id. Plaintiff nowhere alleges any such provision exists, because he simply cannot. He merely alleges that he was not treated fairly in the promotion process. Regardless of whether this is true, the Due Process Clause cannot serve as his remedy because federal employees do not have a reasonable expectation to promotion as would be required.

For the foregoing reasons, Plaintiff's Complaint must be dismissed for failure to state a claim.

ii.     **Plaintiff Has Not Established a Liberty Interest.**

In order to maintain a claim under the Fifth Amendment for a deprivation of liberty, the Plaintiff must allege an injury to his reputation that rises to the level of dishonesty or immorality. See generally Siegert v. Gilley, 500 U.S. 226 (1991); Paul v. Davis, 424 U.S. 693 (1976). Stigmatizing conduct is a charge that would seriously damage an individual's standing and association in his community such as a charge that the individual was guilty of dishonesty or immorality. Board of Regents v. Roth, 408 U.S. 564, 573 (1972). "[C]harges of substandard performance do not amount to accusations of dishonesty or immorality or anything remotely approaching the nature of the degrading and unsavory stigma which would expose an employee to public embarrassment and ridicule." Matthews v. Hesburgh, 504 F. Supp. 108, 116 (D.D.C.

13

1980), <u>aff'd</u> 672 F.2d 859 (D.C. Cir. 1981).  Additionally, the agency's alleged stigmatizing

actions must be made public.  <u>Doe v. Cheney</u>, 885 F.2d 898, 910 (D.C. Cir. 1989).  In <u>O'Donnell</u>

<u>v. Barry</u>, 148 F. 3d 1126 (D.C. Cir. 1998), this Circuit noted that "only defamation that is

'accompanied by a discharge from government employment or at least a demotion in rank and

pay' is actionable."  <u>Id</u>. at 1140.  <u>See also</u>, <u>Orange v. District of Columbia</u>, 59 F 3d 1267 (D.C.

Cir. 1995) (firing without any associated public statements is not actionable).

In this case, Plaintiff, who was not demoted nor terminated, does not provide any facts

upon which the court may render a decision regarding any liberty interest.  He does not allege,

for example, that any publication of critical remarks has been made by agency personnel.

Therefore, Plaintiff's claims regarding any Fifth Amendment due process rights with regard to

his liberty interest must be dismissed as he has failed to state a cause of action.

### iii.    Even if Plaintiff had a Property or Liberty Interest in his Promotion, Due Process Does Not Guarantee him Input as to his Hearing Officer

Plaintiff alleges that his Due Process Rights were violated because he was not able to

have a role in the selection of his hearing officer.  Compl. at 10.  But the Due Process

jurisprudence, while requiring basic fairness, does not go nearly so far as to guarantee

complainants a right to choose the adjudicators of their claims; the judicial focus is whether there

is actual bias in the decision-maker finally chosen.  "[A] 'fair trial in a fair tribunal is a basic

requirement of due process … This applies to administrative agencies which adjudicate as well

as to courts … Not only is a biased decisionmaker constitutionally unacceptable but 'our system

of law has always endeavored to prevent even the probability of unfairness.'" <u>Withrow v. Larkin</u>,

421 U.S. 35, 46-47 (1975) (internal citations omitted).

Courts have been perfectly clear that bias in an adjudicator violates Due Process. Id. But, even in the agency context there is "a presumption of honesty and integrity in those serving as adjudicators." Id. at 47; Schweiker v. McClure, 456 U.S. 188 ("[T]here is a presumption that these [hearing] officers are unbiased.") "This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification." Id. In order to bring a successful Due Process claim, the plaintiff "must convince that, under a realistic appraisal of psychological tendencies and human weakness [there is] such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." Withrow, 421 U.S. at 47.

The most common circumstance under which unconstitutional bias is found is where the adjudicator has a pecuniary interest in the outcome. See, e.g., Gibson v. Berryhill, 411 U.S. 564, 579 (1973); Ward v. Village of Monroeville, 409 U.S. 57, 93 (1972); Tumey v. Ohio, 273 U.S. 510 (1927). For example, in Gibson, an adjudication conducted by a panel of privately practicing optometrists that revoked licenses of other optometrists was overturned because of pecuniary interest. Presumably, the panel members would benefit from increased business depending on the outcome of the hearing. Gibson, 411 U.S. 564.

The hearing officer in Plaintiff's case, Mr. Fine, had no pecuniary interest in the outcome of Plaintiff's case. It is difficult to see how any pecuniary interest could be present given that the nature of the claim was such that only the Plaintiff stood to gain or lose by the result. Further, Mr. Fine enjoys a strong presumption of impartiality, and Mr. Allen has the burden of proving that he was not impartial. See Schweiker, 456 U.S. at 188. Given this presumption, and the fact that Plaintiff fails to allege anywhere in his Complaint that Mr. Fine was biased, this Court cannot conclude that Plaintiff's Due Process protection from bias is implicated.

15

Plaintiff alleges no actual bias on the part of Mr. Fine, but does intimate a suspicion of Mr. Fine for two reasons. First, Plaintiff suggests that because the AOUSC has selected[2] Mr. Fine as a hearing officer on more than one occasion, he may be tainted by bias. Compl. at 7. This supposed 'repeat business' bias falls far below the level of actual pecuniary bias, which requires an actual stake in the outcome of the decision. See Gibson, 411 U.S. 564. Mr. Fine did not stand to gain or lose depending on the outcome, nor is the fact that he has been used as a hearing officer on more than one occasion sufficient grounds to find that he is biased towards AOUSC. To accept plaintiff's premise would produce the absurd result that every agency would have to seek out a unique adjudicator or hearing officer for every employee claim in order to avoid a constitutional challenge. Also, eventually there may not be enough potential officers to fulfill such demand.

Plaintiff also suggests that Mr. Fine must be biased because he ruled against Plaintiff's procedural requests prior to and during the hearing. Compl. at 7. The other, and more persuasive, explanation is that Plaintiff simply had a losing claim. Accusations of bias outside of pecuniary reasons are found only in extreme cases. The Court has stated that, in the absence of pecuniary interest or personalized animus, evidence of a generalized bias may be sufficient to establish a constitutional violation, but "only in the most extreme of cases." Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813, 821 (1986) Plaintiff does not allege personal animus towards him on the part of Mr. Fine, nor is there any circumstance of his hearing which could be said to present an 'extreme case.'

---

[2] Plaintiff alleges that Mr. Fines is employed by the AOUSC. Compl. at 3. This is a misrepresentation of the facts. Hearing officers are independently certified individuals, retained on a case by case basis and depending on availability.

But, Plaintiff's constitutional challenge seems to be less about actual bias in the

prosecution of his claim, and more about the procedure for selecting who would hear it.

> [The FEPS] requirement that Plaintiff's discrimination claims be resolved by a
> hearing officer selected and employed without restriction by the Defendant is so
> fundamentally unfair that it renders the AOUSC's entire complaint resolution
> procedure invalid.

Compl. at 8-9.  His argument is akin to a plaintiff in district court alleging a due process

violation because he wasn't able to help pick which judge of the court would hear his case.

Also, there is simply no case law to support such an overly broad application of the Fifth

Amendment.

Courts have been willing, however, to construe the Fifth Amendment to apply to

selection procedure, and not simply fairness of outcome.  The measuring stick in such cases is

not whether actual bias existed, but whether the procedures were so delinquent as to create an

unacceptable increased risk of unfairness or 'erroneous deprivation.'  See, e.g., Schweiker, 456

U.S. at 199 (holding that procedures requiring hearing officers to be "qualified" and have

"thorough knowledge" were adequate and did not create a risk of erroneous deprivation).  The

Court also took into account that the procedure had congressional approval.  Id.  ("We have

considered appellees' claims in light of the strong presumption in favor of the validity of

congressional action and consistently with this Court's recognition of congressional solicitude

for fair procedure.") (internal citations omitted).

Plaintiff cites several cases in support of his claim, but none apply directly.  Plaintiff cites

McMullen v. Meijer, 355 F.3d 485 (6th Cir. 2004), but nowhere in the case is due process or any

constitutional claim raised.  Plaintiff also cites Chicago Teachers Union v. Hudson, 475 U.S. 292

(1986), but it also did not involve a Fifth Amendment due process claim.  Both these cases also

involved arbitrations between employees and private employers.  Here, Plaintiff took part in a

hearing governed not by mere contract, but under federal regulations promulgated by request of

Congress.  See 28 U.S.C.A. §601 *et seq*. (2005).  As noted in Schweiker, the fact that Congress

established for the Director of the AOUSC complete authority over the agency's non-

discrimination enforcement policy is important.  See Schweiker, 456 U.S. at 199.  There is a

strong presumption that Acts of Congress are valid and show solicitude for fair procedure.  Id.

Here, Congress removed from employees their rights to pursue discrimination claims under EEO

procedures and replaced them with the procedures to be created by the Director.  PL 101-474,

104 Stat 1097 §2(g) (Oct. 30, 1990).  This was not an absent-minded legislation that allowed

error or unfairness to creep in.  Congress made an affirmative choice that employees of the

AOUSC would be bound by these procedures, and courts are to follow a strong presumption of

congressional validity.

    In addition to there being no case law that invalidates the FEPS procedure for selecting

hearing officers, there is strong evidence in the language of the procedural requirements that the

interests of employees are well-protected.  As noted in the Background Section, FEPS provides

that

> A complainant, ... who files a timely formal complaint shall be entitled to review
> by an impartial hearing officer who is not an employee of the AO. The AO EEO
> Officer (or designee) will select the hearing officer.

FEPS, §F.8.  The provision is an entitlement to employees and contains procedural safeguards by

requiring that the hearing officer be impartial, not be on the AOUSC payroll, and that the

hearing officer be chosen by the EEO officer, who is an advocate for the employee.  These

safeguards echo strongly the safeguard language found in the Schweiker case, which required

that hearing officers be "qualified" and have "thorough knowledge."  <u>Schweiker</u>, 456 U.S. at 199.

Plaintiff alleges that the provision is unconstitutional on its face.  Compl. at 10.  To succeed in his claim, he must establish that no set of circumstances exists under which the Act is valid.  <u>United States v. Salerno</u>, 481 U.S. 739 (1987).  But, it cannot be true that either the congressional authorization Act or the FEPS provisions are violative of due process in every instance.  Jointly, they authorize and provide for a hearing process that guarantees an 'impartial' adjudicator.  FEPS §F.8.  It is logically impossible that a statute requiring impartiality could in any case–let alone every case—result in bias.

For the foregoing reasons, Plaintiffs Fifth Amendment claim fails, and his Complaint must be dismissed with prejudice.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's Motion to Dismiss should be granted, and the

Complaint dismissed with prejudice.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851

20

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                |     |                                   |
|--------------------------------|-----|-----------------------------------|
|                                | )   |                                   |
| GARCIA ALLEN,                  | )   |                                   |
|                                | )   |                                   |
| Plaintiff,                     | )   |                                   |
|                                | )   |                                   |
| v.                             | )   | Civ. Action No. 05-1007 (GK)      |
|                                | )   | ECF                               |
| LEONIDAS RALPH MECHAM,         | )   |                                   |
|                                | )   |                                   |
| Defendant.                     | )   |                                   |
|                                | )   |                                   |

## <u>ORDER</u>

Upon consideration of the Defendants' Motion to Dismiss in Lieu of an Answer, Defendants' Memorandum in Support of Motion, all oppositions and replies thereto, it is this _____ day of _____, 2005 hereby:

ORDERED that the motion is GRANTED and it is FURTHER ORDERED that Defendant's Motion is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

_____

GLADY KESSLER
UNITED STATES DISTRICT JUDGE

Copies: via ECF

21

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2005, I caused the foregoing **Motion to**

**Dismiss in Lieu of an Answer and Memorandum of Points and Authorities** to be served on

plaintiff's counsel, postage prepaid, addressed as follows:

**R. Scott Oswald, Esquire**
**Nicholas Woodfield, Esquire**
**The Employment Law Group, PLLC**
**888 17th Street, NW**
**Washington, DC 2000-3307**

                                 /s/
                                MERCEDEH MOMENI
                                Assistant United States Attorney
                                555 4th Street, NW, Room E4208
                                Washington, DC 20530
                                (202) 305-4851
                                (202) 514-8780 (facsimile)