**ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS**

**HUMAN RESOURCES MANUAL**

*Guide to Judiciary Policies and Procedures*

**CHAPTER I:      PERSONNEL PRINCIPLES AND POLICIES**

   **Subchapter C:  FAIR EMPLOYMENT PRACTICES SYSTEM (FEPS)**

**Section A:     PURPOSE**

   This Fair Employment Practices System (FEPS) is established by the Director of the Administrative Office of the United States Courts (AO) in order to comply with Pub. L. No. 101-474 (October 30, 1990), otherwise known as the AO Personnel Act of 1990, specifically section 3(a)(9), which states the AO shall establish a personnel system prohibiting discrimination on the basis of Arace, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition@ and Amust promulgate regulations providing procedures for resolving complaints of discrimination by employees and applicants for employment.@

   This System does not alter or diminish the legal rights and remedies which were applicable to certain employees of the AO prior to the effective date of the AO Personnel Act of 1990.  Those rights and remedies--which, in general, are applicable to pre-Act employees who were appointed to their positions under ATitle 5" procedures; e.g., those in the competitive service (see, discussion in Section C, ADefinitions@, below)--are  set forth in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter VI, Subchapter F.

**Section B:     SCOPE OF COVERAGE**

   FEPS sets forth the AO=s fair employment practices policies, including the AO=s equal employment opportunity policies, and also provides for the prompt, fair, and impartial resolution of allegations of discrimination.  FEPS applies to all employees, as well as to applicants for employment and former employees to the extent they assert claims relating to an application for, or a previous position as, an employee.  All claims of discrimination raised by these persons are to be processed as provided herein.

   Complaints of discrimination outside the scope of FEPS (i.e., complaints about AO personnel made by contractors or other persons not employed by the AO) may be submitted to the AO Equal Employment Opportunity Officer (AO EEO Officer) for appropriate action.

**Section C:    DEFINITION**

1. The term Acomplainant@ means an employee who invokes the resolution procedures set forth in Section F.

2. The term Aemployee@ means any full-time, part-time, or temporary employee of the AO.  This term does not include the Director of the AO, persons occupying positions referred to in 28 U.S.C.' 603 or persons occupying positions made exempt by the Director under section 3(a)(5)(B) of the AO Personnel Act.  Applicants for employment and former employees are considered employees to the extent they assert claims relating to an application for, or a previous position as, an employee.

3. The term "pre-Act employee@ means an employee who was serving in a competitive service position in the AO prior to (and continuously since) October 30, 1990 without a break in service.  The term "pre-Act complainant" refers to a pre-Act employee who is also a complainant.

4. The term "post-Act employee@ means an employee who is not a "pre-Act employee@ and who was:  (a) appointed to a position in the AO (for the first time or following a break in service) after October 30, 1990; (b) serving in an excepted service position in the AO as of October 30, 1990; or, (c) serving in a competitive service position in the AO as of October 30, 1990, but subsequently transferred to a pre-Act excepted service position (or the equivalent).  The term "post-Act complainant" refers to a post-Act employee who is also a complainant.

5. The term Aagency official@ refers to the appropriate  manager designated by the AO EEO Officer pursuant to section F.5.b below.

6. The term "disability" means a physical or mental impairment that substantially limits one or more of the major life activities of an employee; a record of such an impairment; or, being regarded as having such an impairment.  Certain other conditions that are temporarily disabling, such as pregnancy-related conditions, may be considered if they meet this definition.  A Alife-threatening illness,@ as referenced in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter VI, Subchapter C, is also a disability if it meets this definition.

7. The term Aqualified employee with a disability@ means an employee who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the employee or others and who meets the experience or education requirements for the position in question, but does not include an employee who is currently engaging in the

illegal use of drugs.

8. The term Asexual harassment@ means, regardless of the gender of the parties, unwelcome sexual advances, requests for sexual favors, and verbal, physical, or other conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual=s employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or, (3) such conduct has the purpose or effect of unreasonably interfering with an individual=s work performance or creating an intimidating, hostile, or offensive working environment.

**Section D:    EQUAL EMPLOYMENT OPPORTUNITY**

1. It is the policy of the AO to provide equal opportunity in employment for all persons and to prohibit discrimination and harassment in employment based on race, color, religion, sex, national origin, age (at least 40 years of age), disability, or marital status. Employees are to receive fair and equitable treatment in personnel actions, and in all aspects of personnel management, without regard to race, color, religion, sex, national origin, age (at least 40 years of age), disability, or marital status. It is also the policy of the AO that no person is to be subject to retaliation for exercising any appeal, complaint, or grievance rights granted by law, rule, or regulation, including rights under the resolution procedures set forth in Section F of this System, or for participating in such proceedings as a complainant, witness, or representative.

2. The AO also observes the following specific policies:
    a. Personnel actions affecting AO employees are to be free from discrimination based on race, color, religion, sex, or national origin, to the same extent provided in section 717 of the Civil Rights Act of 1964. [1]
    b. Personnel actions affecting AO employees (of at least age 40) are to be free from discrimination based on age, to the same extent provided in sections 12 and 15 of the Age Discrimination in Employment Act of 1967.[2]
    c. AO employees are to be free from discrimination based on disability or handicapping condition, and the AO should make reasonable accommodation to the known physical or mental limitations of a qualified employee with a disability (unless the accommodation would impose an undue hardship on the operations of AO programs), to the same extent provided in section 501 of the Rehabilitation Act of 1973. [3]
    d. The rate of pay for jobs requiring equal skill, effort, and responsibility, which are performed under similar working conditions, is to be free from discrimination on the basis of sex, to the same extent provided in section

    6(d) of the Fair Labor Standards Act of 1938. [4]
- e.  The provision of federal employee benefits to AO employees is to be free from discrimination on the basis of sex or marital status, to the same extent provided in 5 U.S.C. §7202.
- f.  AO classification and pay matters and appointments to positions in grades PB-2F or higher are to be free from discrimination on the basis of race, color, creed, sex, or marital status, to the same extent provided in 5 U.S.C. §7204(b).

**Section E: ADDITIONAL AO EMPLOYEE PROTECTIONS NOT COVERED UNDER FEPS**

1. Grievance procedures are available to assist employees in resolving work-related issues that do not involve allegations of discrimination covered by this System. The agency's grievance procedures are in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter VI, Subchapter D, "Employee Grievances." These procedures may be used to raise grievable matters arising under the following laws and procedures:
    - a.  The Family and Medical Leave Act of 1993 and other leave-related provisions described in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter IV, Subchapter F, "Leave Administration."
    - b.  The Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §4301 et seq., prohibiting denial to eligible employees of employment and reemployment rights of benefits described in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter III, Subchapter 1, "Veterans' Preference."
    - c.  Procedures governing employee layoffs and reductions in force (corresponding to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §4301 et seq.), described in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter VIII, "Workforce Adjustment."
    - d.  Procedures governing employee and management relations under which use of polygraphs is not authorized (corresponding to the Employee Polygraph Protection Act of 1988, 29 U.S.C. §2001 et seq.), described in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter VI, "Employee and Management Relations."
    - e.  The Occupational Safety and Health Act of 1970, 29 U.S.C. §651 et seq., and provisions pertaining to a suitable work environment, described in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter I, Subchapter A, Section C, "Basic Roles and Responsibilities."

**Section F:**     **RESOLUTION PROCEDURES**

1. <u>General Provisions</u>.
    a.    <u>Coverage</u>:
        1)    The resolution procedures of this section apply to all employees (including applicants for employment and former employees) except as otherwise provided herein**.**
        2)    AO Attorneys - Special Procedure
            Any pre-Act or post-Act employee, as defined in sections C 2., C.3. and C.4 above, serving in an attorney position may file a request for counseling and mediation under Sections F.4 and F.5 of this System.  However, such an employee is limited to the counseling and mediation provisions only.  Said employee is excluded from the formal EEO complaint process under Section F.6 and any other processes provided under this System.
    b.    <u>Claims</u>:  Employees who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age (at least 40 years of age), disability, or marital status as described in Section D of this System, may seek resolution of such claims through the procedures of this System.  Allegations of retaliation for participation in these resolution procedures are considered to be claims of discrimination for purposes of this section.
    c.    <u>Election of Remedies</u>:  This System does not alter the procedures applicable to grievances and adverse actions set forth in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter VI, Subchapters D and F.
        1)    Claims of discrimination (as described in Section D of this System) may not be raised as a grievance under the procedures set forth in Volume I (AO) Part II, Chapter VI, Subchapter D of the *Guide to Judiciary Policies and Procedures*.
        2)    With respect to claims of discrimination in adverse actions, employees must elect to pursue resolution of their claims under this System or under Volume I (AO) Part II of the *Guide to Judiciary Policies and Procedures*, Chapter VI, Subchapter F, but not both. Election is made when the employee files a formal EEO complaint under Section F.6 or files an adverse action appeal.
            a)    Tolling of Adverse Action Timelines  - Where the employee has initiated a proceeding by timely requesting counseling under Section F.4, the deadline for filing an adverse action appeal is tolled until 15 days after the proceedings under Sections F.4 and F.5.

    d.    <u>Right to Representation</u>:  A complainant may be represented at his or her own cost by a person of his or her choice, provided such person is available and consents to be a representative.  An employee may accept the responsibilities of representation provided involvement will not unduly interfere with other official duties and does not present a conflict or appearance of a conflict of interest, as determined by the AO EEO Officer (or designee).

    e.    <u>Preparation Time</u>:  A complainant and the complainant's representative, if any, may use a reasonable amount of official time during regular working hours, without charge to leave, to prepare his or her claim, so long as it does not unduly interfere with the performance of his or her official duties.  The complainant and representative, if applicable, are responsible for clearing the use of official time with the AO EEO Officer (or designee).

    f.    <u>Extensions of Time</u>:  The purpose of time limits is to ensure that claims raised by complainants under this System are given prompt consideration through ongoing communication.  Time limits in this System may be extended by the AO EEO Officer (or designee) based on a showing of good cause.  A complainant should not assume that extensions will automatically be granted.  The time limits are set to keep the lines of communication open and the concerns of a complainant moving toward a resolution.

    g.    <u>Records</u>:  At the conclusion of informal and formal proceedings under this System, copies of all papers, files, and reports**,** including the hearing record, produced by any counselor, investigator, or hearing officer will be filed with the AO EEO Officer (or designee).  No papers, files, or reports relating to a dispute will be filed in any employee's official personnel folder (OPF) except as necessary to implement an official personnel action.

        1)    Notes, papers, files, and reports from mediation may not be disclosed, except with the consent of all parties.  After a voluntary resolution is reached as a result of mediation, all notes, papers, files, and reports from that mediation, except for the signed resolution document, are to be destroyed.  When a final decision is reached after the mediation, all notes, papers, files, and reports from mediation shall be destroyed.

2.    <u>Duties of the AO EEO Officer</u>:  The AO EEO Officer (or designee) shall be responsible generally for the coordination of matters arising under this System.  The specific duties of the office related to this System shall include the following:

    a.    to provide information to employees regarding the agency policies set forth in Section D of this System;

    b.    to provide information to employees regarding the rights described in Section F of this System, where a complaint alleges denial of those rights

       related to discrimination prohibited under Section D and regarding the resolution procedures for claims arising under these sections;
- c. to dismiss claims for timeliness, mootness, and/or failure to state a claim for which relief may be granted under this System. The AO EEO Officer (or designee) may dismiss claims on these bases at any time prior to the filing of the formal complaint;
- d. to coordinate and organize the procedures and establish and maintain official files of the AO pertaining to claims initiated and processed under these resolution procedures;
- e. to authorize joinder, consolidation, or severance of complaints;
- f. to select the investigator and to coordinate the investigation of complaints alleging discrimination as described in Section D and Section F.7 of this System, including the selection of a firm or individual to conduct the investigation;
- g. to require all employees of the agency to cooperate with him or her in the conduct of the investigation
- h. to designate counselors, mediators, and hearing officers;
- i. to implement procedures to ensure the confidentiality of the counseling and mediation processes;
- j. to collect, analyze, and consolidate statistical data and other information pertaining to fair employment practices;
- k. to prepare such forms as are required by this System;
- l. to extend any time period required under this System where necessary; and,
- m. to take all other action regarding the implementation of this System not specifically delegated to others under this System.

3. <u>Disqualification Provision</u>: Generally, no person may serve as a counselor, investigator, mediator, or hearing officer to resolve a dispute arising under this System if such person has a personal bias or prejudice concerning a party, personal knowledge of the facts giving rise to the dispute, or is in the chain of command of the complainant or any participant in the dispute. A party may seek the disqualification of a person by petitioning the AO EEO Officer (or designee). Any such request should be in writing.

4. <u>Counseling</u>.
   - a. <u>Initiating a Proceeding</u>: An employee wishing to pursue a claim under this System must first request counseling. Requests for counseling: (1) are to be made to the AO EEO Officer (or designee); (2) may, but are not required to, be submitted in writing; and, (3) must be made within 30 calendar days of the date of the matter giving rise to the claim or within 30 calendar days of the date the employee becomes aware of the matter giving rise to the claim.

  b. <u>Counselors</u>:  Upon receipt of a timely request for counseling, the AO EEO Officer (or designee) shall designate a counselor, who may be a current or former AO employee, contractor, or outside party.  Generally, the duties of a counselor are to:
   1) familiarize the complainant with procedures under this System;
   2) determine the issues and bases of the claim;
   3) conduct a limited inquiry for the purposes of obtaining information for use in resolution efforts;
   4) seek a resolution of the matter at the lowest possible level;
   5) document the resolution if resolution is reached, discuss additional procedures available to resolve discrimination claims; and,
   6) prepare a report indicating what counseling actions have been taken.
  c. <u>Duration of Counseling Period:</u>  The counseling period shall last no more than 20 calendar days (or a shorter period if a resolution is reached), beginning on the date that the request for counseling is received by the AO EEO Officer (or designee).
  d. <u>Conclusion of the Counseling Period and Notice</u>:  The AO EEO Officer (or designee) shall notify the complainant in writing of the end of the counseling period.  As part of the notice, the AO EEO Officer (or designee) shall inform the complainant of any right he or she may have under this System to pursue discrimination claims further.

5. <u>Mediation</u>.
  a. <u>Initiation</u>:  Within 7 calendar days after receipt by the complainant of the notice of the conclusion of the counseling period, the complainant may file with the AO EEO Officer (or designee) a request for mediation.  The request must be made in writing and must state the claim(s) presented.  Failure to participate in at least one mediation session will preclude further processing of the complainant's claim under any other provisions of this System.
  b. <u>Mediators</u>:  Upon receipt of a timely request for mediation, the AO EEO Officer (or designee) shall designate a mediator and provide written notice of such designation.  A mediator may be any impartial individual who is not an employee of the AO.  Generally, the duties of a mediator are to:
   1) meet separately and/or jointly with the complainant and representative, if any, and a designated agency official (selected by the AO EEO Officer (or designee)) to discuss alternatives for resolving a dispute; and,
   2) explore any and all possibilities of reaching a voluntary, mutually satisfactory resolution, which includes negotiating a solution, if at all possible.
  c. <u>Duration of Mediation Period</u>:  The mediation period shall be 25

        work days (or a shorter period if a resolution is reached) beginning on the date the mediator is assigned.  The complainant and a designated agency official are required to attend at least one mediation session. Thereafter, the complainant may proceed to file a formal complaint.

    d.    <u>Conclusion of Mediation Period and Notice</u>:  If, at the end of the mediation period, the parties have not resolved the matter, the AO EEO Officer (or designee) shall provide the complainant, the complainant's representative, if any, and the designated agency official with written notice that the mediation period has concluded without resolution of the claim.  Such notice shall include information concerning any rights of the complainant to pursue the claim further and  a copy of the AO Formal EEO Complaint Form.

6.    <u>Formal EEO Complaint</u>.

    a.    <u>Initiation -  Election of Adverse Action or Formal EEO Complaint</u>: Within 7 calendar days after receipt by the complainant of the notice of conclusion of the mediation period, the complainant may file with the AO EEO Officer (or designee) a formal EEO complaint, except that a complainant challenging an adverse action (as defined in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter VI, Subchapter F, Section B) may elect to pursue resolution of the adverse action according to the appeal rights listed in the *Guide to Judiciary Policies and Procedures*, Volume I (AO) Part II, Chapter VI, Subchapter F, Sections C or D. ( See Section F.1.c.2.)

    b.    <u>Formal EEO Complaint Form</u>:  A complainant must use the AO Formal EEO Complaint Form to file a formal complaint.  The complaint shall be signed by the complainant or the complainant's representative, shall include the identities of all persons involved, and shall set forth a short and plain statement of the claim, including a description of the actions or practices that form the basis of the complaint, and the relief or remedy being sought. The respondent shall be the AO.  No individual may be named as a respondent in the complaint.

7.    <u>Formal EEO Complaint Investigation</u>:  Upon receipt of a timely formal EEO complaint, the AO EEO Officer (or designee) shall initiate and coordinate an independent investigation of the facts surrounding the complaint.  Such investigation shall be conducted by an impartial individual who is not an employee of the AO.  In discharging his or her duties, the investigator may interview witnesses, including the complainant and his or her supervisors and co-workers.  The investigator shall complete the investigation within 30 calendar days from the time the investigator is appointed.  No later than 10 calendar days after the conclusion of the investigation period, the investigator shall submit his or

      her findings in writing to the AO EEO Officer (or designee) who will provide copies to the complainant and the General Counsel.

      a. <u>Election by Pre-Act Complainants of Either FEPS Process or Equal Employment Opportunity Commission (EEOC) Process</u>:  Within 7 calendar days after receipt by a pre-Act complainant of the investigation report, a pre-Act complainant may elect (a) to proceed under this System or (b) to have an immediate agency decision pursuant to the EEOC process set forth in 29 C.F.R. 1614.  Where the pre-Act complainant elects to proceed under this System, he or she shall waive in writing the right to the EEOC process (e.g., the right to file an appeal with the EEOC or to file a complaint in U.S. District Court) and will, thereby, be bound by the final AO decision.

      b. The AO EEO Officer (or designee) shall arrange to furnish to the person conducting the investigation a written authorization:

          1) to investigate all aspects of complaints of discrimination;

          2) to require all employees of the agency to cooperate with the investigator in the conduct of the investigation; and,

          3) to require employees of the agency having any knowledge of the matter complained of to furnish testimony under oath or affirmation without a pledge of confidence.

8. <u>Hearing officer</u>:  A complainant, other than the Pre-Act complainant who has elected to follow the EEOC procedures discussed above, who files a timely formal complaint shall be entitled to review by an impartial hearing officer who is not an employee of the AO.  The AO EEO Officer (or designee) will select the hearing officer.

9. <u>Notice</u>:  Within ten (10) working days of acceptance of the investigative report, the hearing officer shall provide written notice of the hearing date to the complainant, a designated agency official, the General Counsel, and the AO EEO Officer (or designee).  Such notice shall also be provided to the supervisor of the complainant whenever the AO EEO Officer (or designee) determines such notice to be appropriate.

10. <u>Dismissal or Summary Determination</u>:  The hearing officer, after providing notice to the complainant and an opportunity to respond, may dismiss in writing any complaint that is frivolous, or unduly repetitive of a previous complaint, that fails to state a claim upon which relief may be granted, or that makes claims that were not advanced when the dispute arose.  In addition, the hearing officer may decide the case summarily and issue a final decision if no material factual dispute is found to exist.

11. <u>Discovery</u>: Discovery will begin at, and be completed by, such time as the

      hearing officer directs.  Unless the hearing officer orders otherwise, the methods of discovery may be used in any sequence.  Unless otherwise ordered by the hearing officer, parties may obtain discovery by one or more of the following methods:  (1) written interrogatories; (2) depositions upon oral examination or written questions; (3) requests for production of documents or other items for inspection or other purposes; or, (4) requests for admission.  The hearing officer shall be guided, but is not bound, by the Federal Rules of Civil Procedure.

12.    <u>Hearing Procedures</u>:  If the hearing officer does not dismiss or decide the case summarily, the hearing officer shall hold a formal hearing on the merits of the complaint.  The hearing officer shall determine the manner of conducting the hearing.  However, the following specific provisions shall apply to hearings conducted under this System.
    a.    the hearing shall be closed to individuals who do not have an interest in the proceeding; the determination of whether an individual has such an interest will be made by the hearing officer on a case-by-case basis;
    b.    at the hearing, both the complainant and the AO will have the right to representation, to present evidence, and to question or cross-examine any witness;
    c.    the hearing will be limited to issues raised in the formal complaint;
    d.    the hearing officer shall conduct a fair and impartial hearing and take all necessary action to avoid undue delay in the disposition of all proceedings; and,
    e.    a recording of the hearing must be made and shall be the official record of the proceeding.

13.    <u>Powers of the Hearing Officer</u>:  The hearing officer shall have all powers necessary to administer a fair, expeditious, and impartial hearing, including the following:
    a.    administer oaths and affirmations;
    b.    require the attendance of employee witnesses, require testimony to be under oath;
    c.    rule upon offers of proof and receive relevant evidence;
    d.    authorize and supervise discovery;
    e.    hold prehearing conferences for the settlement or simplification of issues;
    f.    convene a hearing as appropriate, regulate the course of the hearing, and maintain decorum and exclude from the hearing any person who disrupts, or threatens to disrupt, that decorum;
    g.    exclude from the hearing any person, except the complainant, the designated agency official, or the attorney or representative of the complainant or AO;
    h.    rule on motions, witness and exhibit lists, and proposed findings, including motions for summary decision; motions for summary decision

        may be granted if there is no genuine issue as to any material fact;
- i. order the production of evidence by the complainant or AO and the appearance of AO staff as witnesses;
- j. impose appropriate sanctions against any party or person failing to obey his or her order, refusing to adhere to reasonable standards of orderly and ethical conduct, or refusing to act in good faith;
- k. make a final decision on the merits of the complaint and order appropriate relief where discrimination is found with regard to the matter that gave rise to the complaint; and,
- l. maintain the confidentiality of proceedings.

14. <u>Complainant Without Representation</u>: The hearing officer is to apply the hearing procedures and the powers of the hearing officer in a reasonable manner where the complainant is proceeding without representation.

15. <u>Sanctions Available to Hearing Officer</u>: When the complainant or AO fails without good cause shown to respond fully and in timely fashion to requests for documents or records or the attendance of witness(es), the hearing officer may, in appropriate circumstances:
    - a. draw an inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;
    - b. consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;
    - c. exclude other evidence offered by the party failing to produce the requested information or witness;
    - d. issue a decision fully or partially in favor of the opposing party; or,
    - e. take such other actions as appropriate.

16. <u>Recommended Decision of the Hearing Officer</u>:
    - a. The hearing officer shall issue findings of fact and conclusions of law on the merits of the complaint and shall issue a recommended decision ordering appropriate relief, in accordance with Section G, where discrimination is found with regard to the matter that gave rise to the complaint. In reaching his or her decision, the hearing officer shall be guided by judicial decisions under the provisions of law described in Sections D and G of this System applicable to the AO and the complainant.
    - b. The recommended decision of the hearing officer shall be issued in writing not later than 20 calendar days after the conclusion of the hearing. The hearing officer shall provide a copy of the recommended decision to the complainant, the complainant's representative, if any, the General Counsel, and the AO EEO Officer.

17. <u>Final Decision of the Director</u>
    a. The Director shall review and may adopt or modify the recommended decision of the hearing officer.
    b. The Director shall issue the final agency decision within 20 calendar days after receipt of the recommended decision.
    c. The final decision of the Director is final and may not be appealed or reviewed.


**Section G:   REMEDIES**

1. <u>Authority to Provide Remedies</u>:  Where the hearing officer finds a violation of Section D of this System, i.e., that the AO engaged in discrimination with regard to the matter that gave rise to the complaint, full relief may be provided to the complainant as set forth in this section.
    a. Full relief may include the following elements in appropriate circumstances and, to the extent permitted in Section G.2:  (1) notice to affected employees of the right to be free of unlawful discrimination and assurance that the particular type(s) of discrimination found to violate Section D of this System will not recur; (2) corrective, curative, or preventive measures to ensure that the particular types of discrimination will not recur; and, (3) a commitment that the AO shall cease from engaging in the specific practices found to be unlawfully discriminatory, in violation of Section D of this System.
    b. A remedy may be directed at correcting a past violation, prospectively ensuring compliance with the rights protected by this System, or both. Remedies should be developed on a case by case basis and tailored as closely as possible to the specific type of discrimination found.
    c. Nothing in this section shall be construed to deprive an employee of any remedy available under applicable law, statute, or regulation.

2. <u>Remedies Available</u>:
    a. <u>Summary</u> -  remedies which may be provided to successful complainants under this System are either (a) consistent with the specific statutory remedies or (b) provided pursuant to the authority of the Director and hereby delegated to the hearing officer, for example:
        1)   placement of an employee in a position denied;
        2)   placement in a comparable alternative position;
        3)   reinstatement to a position from which previously removed;
        4)   prospective promotion to a position;
        5)   priority consideration for a future promotion or position;
        6)   back pay and associated benefits, including attorney's fees where the statutory criteria of the Back Pay Act, 5 U.S.C. §5596, are

       satisfied;
- 7) records modification and/or expungement;
- 8) injunctive relief, such as temporary stays of adverse actions; and,
- 9) accommodation of disabilities through the purchase of specialized equipment or the restructuring of duties and work hours.

b. <u>Specific Statutory Remedies</u> - The following remedies may be provided to the complainant under this System for the forms of discrimination, set forth below, which violate Section D of this System:

   1) <u>The Civil Rights Act of 1964</u> - For discrimination based on race, color, religion, sex, or national origin, within the meaning of Section 717 of this act:

      a) an unconditional offer of placement in the position the complainant would have occupied but for the discrimination or (if justified by the circumstances) a substantially equivalent position, unless a preponderance of evidence indicates that the complainant would not have been placed in the position even absent the discrimination;

      b) invalidation of an unwarranted agency personnel action (including disciplinary action) against the complainant;

      c) full opportunity for the complainant to participate in a legally authorized employee benefit;

      d) payment on a make-whole basis for any loss of earnings the complainant may have suffered as a result of the discrimination, provided that back pay may not extend from a date earlier than two years prior to the date on which the complainant initiated a proceeding by requesting counseling under Section F.4 of this System; or alternatively, back pay and interest as permitted under the Back Pay Act, 5 U.S.C. §5596; and,

      e) if the complainant is the prevailing party, attorneys' fees and costs for services performed after the filing of a formal complaint under Section F.6 of this System and after notice to the AO that the complainant is represented by an attorney, provided that no fees may be allowed for the services of any federal employee; or alternatively, attorneys' fees as permitted under the Back Pay Act, 5 U.S.C. §5596.

   2) <u>Age Discrimination in Employment Act of 1967</u> - For discrimination based on age (at least age 40), within the meaning of sections 12 and 15 of this act:

      a) an unconditional offer of placement in the position the complainant would have occupied but for the discrimination or (if justified by the circumstances) a

        substantially equivalent position, unless a preponderance of evidence indicates that the complainant would not have been placed in the position even absent the discrimination;
- b) invalidation of an unwarranted agency personnel action (including disciplinary action) against the complainant;
- c) full opportunity for the complainant to participate in a legally authorized employee benefit;
- d) payment on a make-whole basis for any loss of earnings the complainant may have suffered as a result of the discrimination, provided that the complainant must mitigate damages and provided further that back pay may not extend from a date earlier than two years prior to the date on which the complainant initiated a proceeding by requesting counseling under Section F.4 of this System; or, alternatively, back pay and interest as permitted under the Back Pay Act, 5 U.S.C. §5596; and,
- e) attorneys' fees as permitted under the Back Pay Act, 5 U.S.C. §5596.

3) <u>Rehabilitation Act of 1973</u> - For discrimination based on disability or handicapping condition, within the meaning of section 501 of this act:
- a) reasonable accommodation to the known physical or mental limitations of the complainant unless the accommodation would impose an undue hardship on the operations of AO programs;
- b) back pay and interest as permitted under the Back Pay Act, 5 U.S.C. §5596; and,
- c) attorneys' fees as permitted under the Back Pay Act, 5 U.S.C. §5596.

4) <u>Fair Labor Standards Act of 1938</u> - For discrimination in pay based on sex, within the meaning of section 6(d) of this act:
- a) an award of unpaid wages and an equal amount as liquidated damages; and,
- b) if the complainant is the prevailing party, attorneys' fees for services performed after the filing of a formal complaint under Section F.6 of this System and after notice to the AO EEO Officer (or designee) that the complainant is represented by an attorney, provided that no fees may be allowed for the services of any federal employee; or alternatively, attorneys' fees as permitted under the Back Pay Act, 5 U.S.C. §5596.

3. <u>Remedies Not Available</u>: Remedies that are not legally available under this

      System include:
- a. compensatory damages and interest (except as expressly permitted in Section F.2) and
- b. punitive damages.

**Section H:     CONFIDENTIALITY**

1. <u>General</u>:  Any person involved in proceedings under this System shall protect the confidentiality of related communications.  Persons having access to information obtained in the course of proceedings under this System shall not disclose that information to anyone except those who are involved in the proceedings.  Persons who improperly disclose confidential information may be subject to appropriate disciplinary action.

2. <u>Counseling</u>:  All counseling shall be kept confidential unless the complainant agrees in writing to waive confidentiality of the counseling process for the purpose of allowing the designated counselor to contact AO official(s) to attempt a resolution of the disputed matter.  A written record of all such contacts must be kept by the counselor and made available for review by all affected parties.

3. <u>Mediation</u>:  Any person involved in the mediation process shall not disclose, in whole or in part, any information or records obtained through, or prepared specifically for, the mediation process, except as necessary to consult with the parties or representatives, if any, and only with notice to all parties.  A written record of all such contacts must be kept by the mediator and made available for review by all affected parties.

**Section I:     FORM OF RESOLUTION**

The counselor or mediator shall reduce to writing the resolution achieved during the counseling or mediation process and secure the signatures of the complainant, the complainant's representative, if any, the AO EEO Officer (or designee) and, when appropriate, other AO official(s) authorized to enter into the proposed resolution on behalf of the AO.

**Section J:     FURTHER PROCEEDINGS**

1. <u>Administrative Appeals</u>:
   - a. <u>Pre-Act Complainants</u>.  A pre-Act complainant who, prior to the passage of the AO Personnel Act, was entitled to file an appeal with the EEOC, may appeal to the EEOC:  (1) the AO's final decision (as set forth in section F.7.a above), (2) the AO's rejection or dismissal of the complaint

        or any portion thereof, or (3) the AO's alleged noncompliance with a settlement agreement or final decision. The procedure for filing such an appeal was established by the EEOC, not the AO, in 29 C.F.R. part 1613. A notice of appeal to the EEOC must be filed within 20 days of the AO's final decision. The complainant who wishes to file an appeal must notify the AO EEO Officer (or designee) in writing. The AO EEO Officer (or designee) will forward the request for an appeal to the EEOC and provide the complainant with a copy of the EEOC's procedures for appeal. Once the request for appeal has been submitted to the EEOC, all communication regarding that appeal will come from the EEOC.

    b.    <u>Post-Act Complainants</u>. Post-Act complainants do not have the right to appeal the AO's final decision.

2.    <u>Civil Actions</u>:

    a.    <u>Pre-Act Complainants</u>. A pre-Act complainant who does not elect to file a formal EEO complaint under Section F.6.b and who, prior to the passage of the AO Personnel Act, was entitled to file a civil action in an appropriate United States district court, may file such an action after exhausting his or her administrative remedies by complying with Sections F.4 and F.5 of this System. If no final decision is reached within 180 days, the pre-Act complainant may proceed to file a civil action. The complainant must file a written statement with the AO EEO Officer (or designee) of his or her intent to file the civil action.

    b.    <u>Age Discrimination</u>. In the case of a claim based upon alleged age discrimination, a pre-Act complainant may proceed to file a civil action in the appropriate United States district court within 180 days of the alleged discriminatory action, after providing the EEOC with 30 days' notice of an intent to file such action. A pre-Act complainant is not required to comply with Sections F.4 and F.5 of this System before filing in court; e.g., to exhaust administrative remedies.

---

[1] Public Law No. 88-352, § 717, 78 Stat. 241 (1964), as added by Public Law No. 92-261, 86 Stat. 103, 114 (1972), as amended by Public Law No. 96-191, § 8(g), 94 Stat. 27, 34 (1980).

[2] Public Law No. 90-202, §§ 12, 15, 81 Stat. 602, 607-08 (1967), as amended by Public Law No. 93-259, §28, 88 Stat. 55, 74 (1974); Public Law No. 95-256, §§ 3, 5, 92 Stat. 189, 190-191 (1978); Public Law No. 98-459, § 802, 98 Stat. 1792 (1984); Public Law No. 99-272, § 9201, 100 Stat. 82, 171 (1986); Public Law No. 99-592, §§ 2, 6, 100 Stat. 3342, 3344 (1986); and Public Law No. 101-239, § 6202, 103 Stat. 2106, 2233 (1989).

[3] Public Law No. 93-112, 87 Stat. 355, 390 (1973), as amended by Public Law No. 98-221, § 104, 98 Stat. 17, 18 (1984); Public Law No. 99-506, §§ 103, 1001, 1002, 100

Stat. 1807, 1810, 1843-44 (1986); and Public Law No. 100-630, § 206, 102 Stat. 3289, 3311 (1988).

[4] Act of June 25, 1938, 52 Stat. 1060 (1938), as amended by Act of October 26, 1949, ch. 736, § 6, 63 Stat. 910, 912; Act of August 12, 1955, ch. 867, § 3, 69 Stat. 711; Act of August 8, 1956, ch. 1035, § 2, 70 Stat. 1118; Public Law No. 87-30, § 5, 75 Stat. 65, 67 (1961); Public Law No. 88-38, § 3, 77 Stat. 56 (1963); Public Law No. 93-259, §§ 2-4, 5, and 7, 88 Stat. 55, 56, 62 (1974); Public Law No. 95-151, § 2, 91 Stat. 1245 (1977); Public Law No. 101-157, §§ 2 and 4, 103 Stat. 938, 940 (1989); and Public Law No. 101-239, § 10208, 103 Stat. 2106, 2481 (1989).