## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| GARCIA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-1007 (GK) |
| | ) | ECF |
| LEONIDAS RALPH MECHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Defendant, Leonidas Ralph Mecham, Director of the Administrative Office of the United States Courts (AOUSC), in his official capacity, by and through undersigned counsel, has respectfully moved the Court to dismiss with prejudice the claims in this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Defendant maintains that the Court lacks subject matter jurisdiction over this case because no judicial review of the AOUSC's Equal Employment Opportunity (EEO) processes is available, and Plaintiff readily concedes this point in his opposition to Defendant's motion to dismiss. Opposition at 4. In addition, Plaintiff has failed to state a claim upon which relief can be granted as his sole claim of a Fifth Amendment procedural due process violation is wholly without merit or foundation. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

1

I. <u>INTRODUCTION</u>

Plaintiff concedes that the Court lacks subject matter jurisdiction to review the AOUSC'S final agency decision and adamantly denies that he is seeking such judicial review.  Opposition at 4.  Plaintiff asserts that he "is not challenging his lack of a right to judicial review under FEPS" and that he understands that "he has no right to file any appeal with the Equal Employment Opportunity Commission or the federal courts."  <u>Id.</u>  Moreover, Plaintiff does not claim that the lack of judicial review of a final agency decision under Fair Employment Practices System ("FEPS") is, itself, legally impermissible.  Thus, the parties agree that the Court lacks subject matter jurisdiction to review the AOUSC's EEO complaint resolution process.

Likewise, Plaintiff also concedes that he has no valid property interest in the promotion that he did not receive, although his failure to obtain a promotion ultimately is what gave rise to his discrimination claim.[1]  Opposition at 3-4.  Instead, he now contends that the property interest of which he allegedly was deprived is his interest in receiving a fair hearing under FEPS.  <u>Id.</u>  In particular, Plaintiff asserts that he was denied this so-called property interest through the operation of a single provision of FEPS, § F.8, which he incorrectly claims gives Defendant the "unilateral and unrestricted selection of a hearing officer."  Opposition at 4.  Aside from this single provision, however, Plaintiff does not otherwise question the fairness or the Constitutionality of FEPS.  Opposition at 3-4.  Therefore, he seeks to have § F.8. of FEPS declared unconstitutional on the theory that it deprived him of a fair hearing, although he takes

_____

[1]It is also interesting to note that in paragraph 5 of his complaint, Plaintiff requests that the "Court to set aside all findings made by . . . the hearing officer . . . and order the AOUSC to hear and resolve *de novo* Mr. Allen's Equal Employment Opportunity complaint of discrimination."

2

no issue with the factual findings or legal conclusions of the hearing officer and concedes that he has no legitimate property interest in the underlying promotion that gave rise to the hearing. This theory is both factually and legally flawed and cannot prevail.

Factually, Plaintiff's claim rests on the assertion that § F.8 of FEPS is unfair because the Defendant has sole discretion to select a hearing officer without any opportunity for input or objection by the complainant. In addition, Plaintiff asserts that this is particularly significant given that the FEPS hearing is more akin to arbitration than a judicial proceeding. Both of these assertions are simply erroneous. Even assuming <u>arguendo</u> that the EEO officer's "unilateral" selection of the hearing officer could amount to bias in favor of the AOUSC, the FEPS clearly provides the Plaintiff an opportunity seek the disqualification of a hearing officer if, for example, there is reason to believe a particular individual would be biased or prejudiced concerning a party. FEPS at § F.3.

Nevertheless, Plaintiff apparently saw no need, at the time, to avail himself of this opportunity, yet he now claims to have been treated unfairly on the grounds that no such opportunity was available to him. Similarly, Plaintiff fails to mention that one of the prerequisites to a formal EEO hearing under FEPS is mediation and that Plaintiff actually participated in this step of the process. FEPS at § F.5.; <u>See</u> Exh. 1, Plaintiff's April 9, 2003 Request for Mediation, and Exh. 2, May 29, 2003 Request to File Formal EEO Complaint; <u>See</u> Exhs. 3 a and 3 b, April 4, 2003 and July 23, 2003, Laura Minor Letters. The USAOC EEO complaint process is discussed, in detail, below.

## II.  <u>COUNSELING AND MEDIATION</u>

Pursuant to FEPS, an EEO complainant first must participate in counseling.  An EEO counselor is appointed by the EEO Officer, and the counseling period may last up to 20 calendar days.  FEPS at § F.2.h. and § F.4.b.  Second, if counseling fails, the complainant must participate in mediation, which may last for a period of up to 25 work days, and the complainant and a designated agency official must participate in at least one mediation session.  FEPS at § F.5.a. and 5.c.  A mediator is selected by the EEO Officer from the Federal Mediation and Conciliation Service, and the complainant representative (attorney or lay person) also may participate in the mediation process.  FEPS at § F.2.h., and § F.5.b. and 5.d.

If mediation also fails to resolve the matter, only then may a complainant file a formal EEO Complaint.  FEPS at §F.4, § F.5 and § F.6.  After the filing of a formal EEO Complaint, a formal investigation is conducted by an impartial and independent investigator selected by the EEO Officer.  FEPS §F.2.f. and §F.7.  Only upon completion of the formal, independent investigation and the filing of a written investigative report may the formal EEO hearing occur. FEPS at § F.9.

Plaintiff availed himself of each of these steps in advance of the formal EEO hearing where he also was represented by his current legal counsel.  Throughout this process Plaintiff also was fully advised and aware of his rights under FEPS.  <u>See</u> FEPS at § F.4, § F.5 and § F.6. and Exhs. 3a and 3b.  Here, Plaintiff participated in the hearing process with full knowledge of his rights and was afforded due process throughout the EEO complaint processes.  Accordingly, the Complaint should be dismissed.

### III.  HEARING OFFICER SELECTION AND PROTEST POLICY

With respect to selection of the hearing officer, it is the duty of the AOUSC EEO Officer "to designate counselors, mediators, and hearing officers."  FEPS at § F.2.h.  An AOUSC employee who elects to follow the FEPS procedures to resolve an EEO claim "shall be entitled to review by an impartial hearing officer who is not an employee of the AO[USC]" selected by the AOUSC EEO Officer.  FEPS at § F.8.  No person may serve as a hearing officer under FEPS, however, "if such person has a personal bias or prejudice concerning a party," or has "personal knowledge of the facts giving rise to the dispute. . . ."  FEPS at § F.3.

Hearing officers are selected from a list of qualified individuals maintained by the General Services Administration, and not by the AOUSC.  Many individuals on the list are retired or former EEO hearing examiners.  "A person may seek the disqualification of a person by petitioning the AO EEO Officer (or designee)," and "[a]ny such request should be in writing." Id.  Despite the opportunity to challenge the selection of Mr. Fine as the hearing officer if Plaintiff doubted his impartiality or questioned his allegiance, at no time did Plaintiff so much as hint at a concern about this, let alone invoke the challenge procedures so clearly available to him.

As for the actual formal hearing process itself, FEPS also addresses discovery, hearing procedures, hearing officer's powers, sanctions available to the hearing officer, and the hearing officer's recommended decision.  FEPS at § F.9-F.16.  The authority to provide remedies, the list of available administrative and statutory remedies, and appeals also are specifically addressed under FEPS.  See FEPS at § G and § J, respectively.  Accordingly, Plaintiff received a thorough, fair and impartial hearing on the merits of his case and the instant Complaint must fail.

5

IV.  <u>LEGAL ARGUMENT</u>

Defendant adopts by reference all arguments made in its opening brief.  Even if the Court finds that it does have subject matter jurisdiction, and a property interest is at stake, Plaintiff's claim still fails because his due process rights were not violated.  As discussed in Sections II and III <u>supra</u>, due process is available to AOUSC employees with EEO complaints, at each step of the counseling, mediation and hearing process.  Because an employee chooses not to avail himself of an opportunity to object to a part of the process that he deems unjust, does not make the process unconstitutional.

Defendant, without an employee's objection, has no reason to know, let alone rectify, a potentially contentious situation.  The onus is on the employee to raise the issue.  Defendant's assertion here is analogous to the <u>Faragher/Ellerth</u> defense, in an employment-related harassment/hostile work environment claim, where a plaintiff fails to take advantage of internally established EEO mechanisms, to resolve the problem, before approaching outside tribunals for redress.  The Supreme Court has held:

> An employer may defend against a [hostile work environment] claim by showing both (1) that it had installed a readily accessible and effective policy for reporting and resolving complaints of sexual harassment, and (2) that the plaintiff unreasonably failed to avail herself of that employer-provided preventive or remedial apparatus.

<u>Suders v. Pennsylvania State Police</u>, 542 U.S. 129, 211-212 (2004) (citing <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742 (1998), and <u>Faragher v. Boca Raton</u>, 524 U.S. 775 (1998)).

Here, the AOUSC has a clear process in place to object to the choice of a hearing officer.  FEPS provisions discussed <u>supra</u>, provide for a right to an objection.  Furthermore, the Plaintiff

was notified of his rights in letters sent to him by the Defendant.  See Exh. 3.  Plaintiff failed to object to the hearing officer chosen, even though he was, or should have been, aware that he had the right to do so.  Therefore, now, after the hearings have been completed, the AOUSC should not be held to have violated Plaintiff's due process rights, simply because plaintiff disagrees with the outcome of his hearing.  Therefore, Plaintiff's Complaint should be dismissed with prejudice.

V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted, and the

Complaint dismissed with prejudice.

Respectfully submitted,
/s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>13th</u> day of September, 2005, I caused the foregoing

**Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss** to be served

on plaintiff's counsel, via electronic mail.:

> **R. Scott Oswald, Esquire**
> **Nicholas Woodfield, Esquire**
> **The Employment Law Group, PLLC**
> **888 17th Street, NW**
> **Washington, DC 2000-3307**

                                                     /s/
_____

                                                 MERCEDEH MOMENI
                                                 Assistant United States Attorney
                                                 555 4th Street, NW, Room E4208
                                                 Washington, DC 20530
                                                 (202) 305-4851
                                                 (202) 514-8780 (facsimile)