## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GARCIA ALLEN,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| v. | ) **Civil Action No. 05-1007(GK)** |
|  | ) |
| **LEONIDAS RALPH MECHAM, CHAIRMAN,** | ) |
| **ADMINISTRATIVE OFFICE** | ) |
| **OF THE U.S. COURTS,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

### PLAINTIFF GARCIA ALLEN'S SUR-REPLY TO DEFENDANT'S
### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS IN LIEU OF AN ANSWER

COMES NOW Plaintiff Garcia Allen ("Mr. Allen"), by and through Counsel, and

responds to the points raised by Defendant Leonidas Ralph Mecham ("Defendant") in his Reply

to Mr. Allen's Opposition to Defendant's Motion to Dismiss in Lieu of an Answer ("Reply

Brief"). Specifically, Mr. Allen takes issue with (1) Defendant's characterization of Mr. Allen's

position concerning whether this Court has subject matter jurisdiction over this case, (2)

Defendant's errant claim that Mr. Allen has conceded that he has no valid property interest, (3)

Defendant's unfounded assertion that Mr. Allen has somehow waived his right to "appeal" the

issue of the hearing officer selection process, and (4) Defendant's baseless allegation that Mr.

Allen is somehow barred from pursuing action in this Court because he did not previously

challenge the hearing officer's assignment to his case.

I.    **This Court Has Subject Matter Jurisdiction Over Mr. Allen's Claim.**

In the Reply Brief, Defendant baldly asserts that "the parties agree that the Court lacks

subject matter jurisdiction to review the AOUSC's EEO complaint resolution process." (Reply

Brief at 2.) Mr. Allen most certainly does not agree with Defendant on this issue. Defendant

supports its claim by picking and choosing quotes from Mr. Allen's Opposition, while

completely disregarding Mr. Allen's purpose in filing this suit. Yes, Mr. Allen recognizes that

under FEPS he is unable to file an appeal, but as Mr. Allen – and Defendant – aptly pointed out

to this Court previously, Mr. Allen "is not challenging his lack of a right to judicial review under

FEPS." (Opposition at 4, Reply Brief at 2.) Rather, Mr. Allen is challenging the

constitutionality of a FEPS provision, the nature of which, as stated in Mr. Allen's Complaint,

affords this Court subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1346(a)(2) (*See*

Complaint ¶ 9).

II.    **Mr. Allen Has Always Asserted A Property Interest In His Right To A Fair**
       **Hearing Under FEPS.**

Defendant suggests that Mr. Allen is attempting to "work the system" in order to reverse

the adverse finding in his discrimination claim by molding his constitutional property interest to

suit his present needs. (*See* Reply Brief at 2.) Mr. Allen, however, has always contended that

the property interest deprived of him was his right to a fair hearing under FEPS. (*See* Complaint

at 2 ¶ 3 ("Mr. Allen alleges that the Administrative Office of the United States Courts' unilateral

and unrestricted selection of a hearing officer . . . was an intentional violation of his procedural

due process rights"), Opposition at 9). Though Defendant finds it "interesting to note" that Mr.

Allen is requesting the Court to order AOUSC to hear and resolve *de novo* Mr. Allen's

discrimination complaint (*see* Reply Brief at 2 n. 1), such a request is entirely consistent with

Mr. Allen's claimed property interest in the right to a fair trial.  Certainly if this Court found that

Mr. Allen had been denied his property interest to a fair trial, such a finding alone would not

remedy the due process violation affronted by Defendant if Mr. Allen was not forthrightly given

the right to have his claim adjudicated through a constitutionally sound procedure.

### III.    Mr. Allen Cannot Have Not Waived His Right "To Appeal" Defendant's <u>Due Process Violation.</u>

Throughout its Reply Brief, perhaps taking an alternative view to its subject matter

jurisdiction argument, Defendant makes the overarching argument that Mr. Allen somehow

waived his right to appeal the hearing officer selection issues and thus cannot bring his

constitutional claim before the Court.  This argument, however, again demonstrates that

Defendant refuses to recognize the crux of Mr. Allen's argument.  Mr. Allen made abundantly

clear in his Complaint that his Fifth Amendment Due Process Rights were violated when he was

not afforded a fair hearing by the AOUSC's hearing officer, which led to continuing violations

throughout the AOUSC's EEO complaint resolution process.  (*See* Complaint ¶¶ 26-32.)  In

seeking redress in this matter, Mr. Allen is not appealing the FEPS proceedings as a whole;

because such an appeal is not contemplated under FEPS.  Moreover, this matter is not before this

Court as an appeal.  Hence Defendant's insinuation that Mr. Allen could have made such an

argument below but didn't and so he cannot assert it on appeal is without merit.  Moreover, had

Mr. Allen attempted to do so, the objection would have been completely devoid of any appellate

significance as there is no appellate procedure in any forum contemplated by FEPS, as it is an

arbitration, not a trial.

Rather, Mr. Allen is asking that the FEPS hearing officer selection process *in toto* be

deemed unconstitutional.  By no means does Mr. Allen's pursuit of legal action in District Court

(because there are other means addressing the unconstitutionality of FEPS) give merit to

Defendant's claim that Mr. Allen has waived any right to assert his constitutional due process

right to a fair trial.

**IV.    FEPS § F.3 Does Not Bar Mr. Allen From Pursuing His Claim In This Court.**

Lastly, Defendant avers that Mr. Allen "received a thorough, fair and impartial hearing

on the merits of his case" because he did not make use of FEPS § F.3, a mandate that Defendant

claims would have allowed Mr. Allen to disqualify Mr. Fine as the hearing officer in his case.

This argument is without merit because it suggests that if Mr. Allen had utilized the provision,

regardless of whether Mr. Fine remained the hearing officer for Mr. Allen's case, the application

of FEPS § F.3 would have remedied any inherent due process violations.  However, FEPS § F.3

does not contemplate providing Mr. Allen with any means to protect his due process rights other

than providing him a recourseless means of lodging a complaint.

As Mr. Allen averred in his Opposition, a government entity's unrestricted choice of an

arbitrator in an employment matter is violative of due process requirements.  *See Robinson v.*

*State of New Jersey*, 806 F. 2d 442, 450 (3rd Cir. 1986) (noting that if a union executed

unrestricted selection of arbitrator, such action would violate due process).  Section F.3. does

nothing to remedy § F.8.'s violation of Mr. Allen's due process right to participate in the

selection of an arbitrator:

> § F.3. Disqualification Provision: Generally, no person may serve as a
> counselor, investigator, mediator, or hearing officer to resolve a dispute
> arising under this System if such person has a personal bias or prejudice
> concerning a party, personal knowledge of the facts giving rise to the dispute,
> or is in the chain of command of the complainant or any participant in the
> dispute. A party may seek the disqualification of a person by petitioning the
> AO EEO Officer (or designee). Any such request should be in writing.

4

FEPS § F.3.

Thus, while allowing Mr. Allen to object to the AOUSC, § F.3 requires him to make the

objection to the AOUSC – the very party that offended his due process rights and selected the

hearing officer in dispute.  After such a complaint is lodged, FEPS § F.3 does not require the

AOUSC to take any action at all in response to the complaint.  There are no provisions that

require AOUSC to investigate or even acknowledge Mr. Allen's objection to a hearing officer

selection, and there is nothing to prevent the AOUSC from using its own discretion to affirm its

own biased decision.  Moreover, there are no provisions requiring a review of AOUSC's

consideration (or lack thereof) of any objection Mr. Allen might have made, nor are there any

provisions subjecting AOUSC to any recourse or reprimand for refusing to acknowledge a valid

objection to a clearly biased hearing officer.  Finally, there is no provision providing Mr. Allen

with an opportunity to select or even propose an alternate hearing office, leaving the AOUSC

free to make its unfettered selections without having to concern itself with Mr. Allen's

complaints.

Noticeably absent from FEPS § F.3 is any provision addressing the clear due process

problem at issue in this case: AOUSC's sole selection and employment of the hearing officer

without restriction.  In no way does § F.3 require AOUSC to choose a more acceptable (or even

less offensive) hearing officer, and it does not require AOUSC to reject a hearing officer about

whom Mr. Allen might object to.  Moreover, even if AOUSC does remove a hearing officer in

response to an objection, AOUSC is then free to select the replacement hearing officer with

absolutely no input from the objector, drawing from a stable of its own unfettered choices.  Thus,

*arguendo*, even if Mr. Allen had objected and AOUSC had relented and profferedd a second

hearing officer, Mr. Allen's 5th amendment due process rights would still have been violated

because he <u>still</u> would not be permitted to provide input into the selection of the hearing officer. *See McMullen v. Meijer, Inc.*, 355 F.3d 485, 494 (6th Cir. 2004) ("…Meijer's TAP grants one party to the arbitration unilateral control over the pool of potential arbitrators.  This procedure prevents Meijer's TAP from being an effective substitute for a judicial forum because it inherently lacks neutrality…" and is thus unconscionable); *Chicago Teachers Union v. Hudson*, 475 U.S. 292, 308 n. 21, 309 (1986) ("[A]n expeditious arbitration might satisfy the requirement of a reasonably prompt decision by an impartial decisionmaker, so long as the arbitrator's selection did not represent the Union's unrestricted choice.")

Mr. Allen's circumstance is indistinguishable from the plight of the employee in *Hooters of Am. V. Phillips*, 173 F.3d 933 (4th Cir. 1999).  There, the Fourth Circuit invalidated an arbitration agreement that it found "so one-sided that [its] only possible purpose [was] to undermine the neutrality of the proceeding." *Id.* at 938.  The *Hooters* Court further explained that the arbitrator in the selection process in the agreement "[was] crafted to ensure a biased decisionmaker" and described the selection procedure as follows:

> The employee and Hooters each select an arbitrator, and the two arbitrators in turn select a third. Good enough, except that the employee's arbitrator and the third arbitrator must be selected from a list of arbitrators created exclusively by Hooters. <u>This gives Hooters control over the entire panel and places no limits whatsoever on whom Hooters can put on the list. Under the rules, Hooters is free to devise lists of partial arbitrators who have existing relationships, financial or familial, with Hooters and its management.</u> In fact, the rules do not even prohibit Hooters from placing its managers themselves on the list.

Id. at 938-39 (emphasis added).

The Fourth Circuit thus declared that, "[b]y promulgating [a] system of warped rules, Hooters so skewed the process in its favor that Phillips has been denied arbitration in any meaningful sense of the word." *Id.* at 941.  *See also Murray v. United Food & Commercial*

*Workers Intern. Union*, 289 F.3d 297, 303 (4th Cir. 2002) (agreement to arbitrate is

unconscionable when employee was required as a condition of employment to enter into

arbitration agreement that placed control over selection of the single arbitrator for employment

disputes solely in the hands of employer).


**Conclusion**

Wherefore, Plaintiff Garcia Allen requests that this Court deny Defendant Leonidas

Ralph Mecham's Motion to Dismiss in Lieu of an Answer.  Plaintiff Allen further requests that

the Court declare, as a matter of law, that Defendant Administrative Office of United States

Courts' unilateral and unrestricted selection of a hearing officer, as mandated under Chapter I, §

F.8. of its FEPS Human Resources Manual, violated of Mr. Allen's procedural due process rights

provided under the Fifth Amendment to the U.S. Constitution.

<div style="margin-left:50%">

Respectfully submitted,
Garcia Allen
*By Counsel*

</div>

_____/S/_____  .
R. Scott Oswald, Esq.
Nicholas Woodfield, Esq.
EMPLOYMENT LAW GROUP, PLLC
888 17th St. NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff Garcia

Allen's Sur-Reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to

Dismiss in Lieu of an Answer was served via the Electronic Case Filing system on this the 29th

day of September, 2005, upon:

    Mercedeh Momeni, Esq.
    Assistant United States Attorney
    555 Fourth St., N.W., Civil Division
    Washington, D.C. 20530
    Mercedeh.Momeni@usdoj.gov


                                                _____/S/_____.
                                                Nicholas Woodfield