UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARCIA ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 05-1007 (GK) |
| LEONIDAS RALPH MECHAM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

Plaintiff Garcia Allen brings this case against Defendant Leonidas Ralph Mecham in Defendant's official capacity as Director of the Administrative Office of the United States Courts ("AOUSC" or "the Office").[1]  AOUSC resolves employee discrimination complaints through the Office's Fair Employment Practices System ("FEPS").  Plaintiff maintains that FEPS's hearing officer selection provisions deprive him of property, without due process of law, in violation of the Fifth Amendment.

This matter is before the Court on Defendant's Motion to Dismiss.  Defendant argues that Plaintiff's single count Complaint states a claim upon which this Court cannot grant relief.

Upon consideration of the Complaint, Motion to Dismiss, Opposition, Reply, Sur-reply, and the Motions Hearing, for the reasons stated below, Defendant's Motion is **granted**.

---

[1]Defendant Mecham has since been succeeded by James Duff, although the Government has not formally moved to substitute him as the defendant.

## I. BACKGROUND

### A. AOUSC's Procedures for Handling Discrimination Complaints

On October 30, 1990, Congress passed the AOUSC Personnel Act of 1990, Pub. L. No. 101-474, 104 Stat. 1097 (1990) ("the Personnel Act" or "the Act"). Section 3.a.9 of the Personnel Act requires the Director of AOUSC ("the Director") to establish a personnel system prohibiting discrimination "on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition." Section 3.a.9 also requires the Director to "promulgate regulations providing procedures for resolving complaints of discrimination by employees and applicants for employment." Section 3.g of the Act further provides,

> [n]othing in this Act shall be construed to abolish or diminish any right or remedy granted to employees of or applicants for employment in the Administrative Office by any law prohibiting discrimination in Federal employment on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition, except that, with respect to any such employees and applicants for employment, any authority granted under any such law to the Equal Employment Opportunity Commission, the Office of Personnel Management, the Merit Systems Protection Board, or any other agency in the executive branch, shall be exercised by the Administrative Office.

Pursuant to sections 3.a.9 and 3.g, the Director established FEPS.

The AOUSC Human Resources Manual, Chapter 1, Subchapter C, sets forth policies and procedures for resolving discrimination complaints filed by AOUSC employees. According to the manual, employees must first attempt to resolve their complaints through

informal counseling.  AOUSC Human Resources Manual, Chapter 1, Subchapter C, § F.4.  During the counseling stage of the complaint process, a counselor advises the complainant of FEPS procedures and makes an initial attempt to resolve the dispute.  Id.  If the dispute is not resolved through counseling, the complainant must then participate in mediation.  Id. at § F.5.  An AOUSC Equal Employment Opportunity officer ("EEO officer") selects the mediator through the Federal Mediation and Conciliation Service.

If mediation fails, the complainant may file a formal discrimination complaint.  Id. at § F.6.  At that stage, the formal discrimination complaints are heard and decided by hearing officers who are unilaterally selected by the AOUSC's EEO officers.  Id. at § F.8.  Selections are made from a roster of qualified individuals maintained by the General Services Administration.  Some of the individuals on the roster are retired administrative law judges. Employees may object to the Office's choice of hearing officer by petitioning the same EEO officer who made the selection, but have no other input into that selection.  Id. at § F.3.

Hearing officers hold hearings on the merits of employees' complaints and thereafter issue factual findings, conclusions of law, and recommended decisions.  Id. at § F.16.  The Director subsequently reviews the hearing officers' recommendations and determines whether to adopt or modify them.  Id. at § F.17.  The

AOUSC Human Resources Manual states that the Director's decision is exempt from judicial review.  Id. at. § F.17.c.

### B. Plaintiff's Formal Administrative Complaint

On June 13, 2003, Plaintiff filed a formal discrimination complaint with AOUSC's EEO Office.  His formal complaint alleged that AOUSC prevented him from "having a fair and meaningful opportunity to compete for the position of Chief of the Project Coordination Office."  Compl. at ¶ 19. Plaintiff, an African-American male, alleged that AOUSC discriminated against him during the promotional process because of his race and gender.  Id. Plaintiff's formal complaint also alleged that AOUSC retaliated against him for participating in the Office's informal grievance process.  Id. at ¶ 20.

Pursuant to FEPS guidelines, AOUSC selected Richard H. Fine, a retired administrative law judge, to act as a hearing officer. Plaintiff did not file a petition seeking Mr. Fine's disqualification.[2]  On January 18, 2005, Mr. Fine held a hearing on

---

[2]Defendant maintains that Plaintiff's failure to petition for Mr. Fine's disqualification warrants dismissal. Def.'s Reply at 6-7.  Defendant invites the Court to apply the Faragher/Ellerth doctrine employed in hostile work environment cases and cites Suders v. Pennsylvania State Police, 542 U.S. 129, 211-12 (2004) for the proposition that plaintiffs who "unreasonably" fail to utilize an accessible "employer-provided preventative or remedial apparatus" may not seek redress by an outside tribunal.  Def.'s Reply at 6 (internal citations and quotations omitted); see also Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Indus. v. Ellerth, 524 U.S. 742 (1998).

(continued...)

Plaintiff's discrimination claims. On February 15, 2005, he issued a recommended decision in which he found that Plaintiff failed to establish that AOUSC had engaged in any unlawful discrimination. On March 11, 2005, the Director adopted Mr. Fine's recommended decision in its entirety.

### C. Plaintiff's Complaint Before This Court

On May 18, 2005, Plaintiff filed the instant Complaint arguing that the FEPS hearing officer selection procedures deprived him of due process of law in violation of the Fifth Amendment.[3]  <u>See</u> Compl. at ¶¶ 32, 34.  More specifically, Plaintiff maintains that the Office deprived him of a property interest in "his right to a fair hearing on the merits of his case." Pl.'s Opp'n to Def.'s Mot. at 9.

Plaintiff contends that AOUSC's ability to unilaterally select hearing officers in discrimination claims against the Office is fundamentally unfair because one side in an adversarial proceeding selects the neutral decision maker.  In addition, because AOUSC compensates hearing officers for their work, Plaintiff argues that

_____

[2](...continued)
The Court does not reach the issue because, as explained below, Plaintiff's claim must be dismissed for other reasons.

[3]Contrary to Defendant's repeated and inaccurate assertions otherwise, Plaintiff does not seek review of the Director's decision regarding the merits of his formal complaint; rather, Plaintiff challenges the constitutionality of the FEPS hearing officer selection process.

the potential for further hiring creates a financial incentive for them to rule in the Office's favor.

## II. STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). The factual allegations of the complaint must ordinarily be presumed true and liberally construed in favor of the plaintiff. Abigail Alliance v. Von Eschenbach, 445 F.3d 470, 475 (D.C. Cir. 2006).

## III. ANALYSIS

### A.  The Court Has Subject Matter Jurisdiction

As an initial matter, Defendant challenges this Court's jurisdiction.  Defendant asserts that the Court lacks subject matter jurisdiction because "FEPS does not provide for judicial review of final agency[4] decisions."  Def.'s Mot. at 1.  Defendant's

---

[4]The Court would remind the Government that the Administrative Office of the United States Courts is located in the judicial branch of the government.  AOUSC is not an "agency" of the executive branch.

-6-

jurisdictional argument is without merit because Plaintiff is not seeking review of the merits of the Director's decision.[5]

What Plaintiff is seeking is a decision on his facial constitutional challenge to AOUSC's hearing officer selection procedures.  See Compl. at ¶ 41. Specifically, Plaintiff maintains that FEPS provisions requiring discrimination complainants to resolve their disputes before hearing officers selected by AOUSC deprive him of due process under the Fifth Amendment.  Id. Plaintiff's Complaint seeks relief directly under the Constitution; therefore, this Court has jurisdiction under 28 U.S.C. § 1331 (2006).  See also Bell v. Hood, 327 U.S. 678, 681-82 (1946) ("... where the complaint ... is so drawn as to seek recovery directly

_____

[5]There are serious doubts about the Director's ability to preclude judicial review of his final decisions in discrimination claims.

The Supreme Court has recognized that there is "'a well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action.'" Reno v. Catholic Soc. Servs., 509 U.S. 43, 63-64 (1993) (quoting McNary v. Haitian Refugee Ctr., Inc., 498 U.S. 479, 496 (1991)).  In the absence of "clear and convincing evidence," courts will not interpret statutes in a manner that limits their review of agency action.  Id. (internal quotations and citations omitted); see also Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 670-73 (1986) (noting the presumption in favor of judicial review).

The Personnel Act, on which the Director relies in claiming exclusive authority to be the final arbiter of EEO claims, contains no clear statement precluding judicial review. See AOUSC Personnel Act of 1990, Pub. L. No. 101-474, 104 Stat. 1097 (1990).

Nonetheless, the parties agree that it is unnecessary to decide this issue because, as noted above, Plaintiff is not seeking review of the merits of the Director's final decision.

under the Constitution or laws of the United States, the federal court ... must entertain the suit.").

### B.  Plaintiff Has No Property Interest in the FEPS Procedures

The Court must grant Defendant's Motion to Dismiss because Plaintiff cannot claim a cognizable property interest in "his right to a fair hearing." Pl.'s Sur-reply at 2; See Bd. of Regents v. Roth, 408 U.S. 564, 570-71 (1972) (noting that courts must identify a protected interest before determining what process is due).

While it is certainly true that AOUSC cannot deprive the Plaintiff of property without a "fair hearing," neither that hearing itself nor the right to a hearing can constitute protected property.  In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985), the Supreme Court held that the Due Process Clause "provides that certain substantive rights -- life, liberty, and property -- cannot be deprived except pursuant to constitutionally adequate procedures."  The Court noted, however, that substance and procedure are distinct.  Id.  The Court recognized that treating procedures themselves as property would reduce the Due Process Clause "to a mere tautology," and noted that "'[p]roperty' cannot be defined by the procedures provided for its deprivation any more than can life or liberty."  Id.

The Court is not aware of any case, nor has Plaintiff cited any, in which courts have recognized a property interest in a particular procedure itself (i.e., in this case, a right to

participate in the selection of the decision maker as a component of his far broader right to a "fair hearing").

Conversely, a number of courts have explicitly rejected Plaintiff's circular argument that procedures may constitute property subject to due process protection. E.g., Cleveland Bd. of Educ., 470 U.S. at 541. The Sixth Circuit addressed this issue most succinctly in United of Omaha Life Insurance Co. v. Solomon where it noted "'[C]ourts generally agree that no property interests exist in a procedure itself, without more.'" 960 F.2d 31, 34 (6th Cir. 1992)(quoting Curtis Ambulance of Fla., Inc. v. Bd. of County Comm'rs, 811 F.2d 1371, 1377 (10th Cir. 1987)); see also Olim v. Wakinekona, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."); McMenemy v. City of Rochester, 241 F.3d 279, 288 (2d Cir. 2001) (holding state anti-discrimination laws did not create a property interest in fair consideration for promotion); Garraghty v. Va., Dep't of Corrections, 52 F.3d 1274, 1284 (4th Cir. 1995) (rejecting plaintiff's claim to a property right in a post-termination hearing by a panel of neutral decision makers, despite provision for such a procedure in state law); Mumford v. Godfried, 52 F.3d 756, 759 (8th Cir. 1995) (holding that a contractual right to have procedures followed "does not create a property interest in the procedures themselves."); Dist. Counsel

33, AFSCME v. City of Philadelphia, 944 F. Supp. 392, 395 (D. Pa. 1995) ("[P]rocedural interests under state law are not themselves property interests.").

Since Plaintiff's pleadings do not assert deprivation of any substantive property interests, and he possesses no property interest in the procedure he challenges, he has failed to state a claim upon which this Court may grant relief.  Fed. R. Civ. P. 12(b)(6).[6]

**IV. CONCLUSION**

For the above stated reasons, Defendant's Motion to Dismiss is **granted**, and Plaintiff's claim is **dismissed**.  An Order will issue with this Memorandum Opinion.


September 22, 2006                  /s/_____
                                   Gladys Kessler
                                   U.S. District Judge

---

[6]The unilateral nature of the FEPS hearing officer selection procedures is somewhat troubling, and the Court shares Plaintiff's concerns about the perceived unfairness of those procedures. Plaintiff cites several cases in which courts have invalidated or refused to enforce arbitration agreements that gave one party inordinate control in selecting a neutral decision maker.  Pl.'s Opp'n at 14-15 (citing Chi. Teachers Union v. Hudson, 475 U.S. 292 (1986); McMullen v. Meijer, Inc., 355 F.3d 485 (6th Cir. 2004); Hooters of Am. v. Phillips, 173 F.3d 933 (4th Cir. 1999); Robinson v. New Jersey, 806 F.2d 442 (3d Cir.1986)).  However, those cases arise in the context of negotiated collective bargaining agreements rather than, as here, in the context of dispute resolution regulations imposed pursuant to Congressional legislation.

In any event, for the reasons already stated, the Court need not reach this issue.